*D. Rorer*, for plaintiff in error.

*J. C. Hall* and *Geo. C. Dixon*, for defendant.

--------•*•*•--------

## WILSON *v.* ALBRIGHT.

Where the transcript of a justice does not set forth the judgment *in hæc verba* but contains sufficient to show its character, its amount and against whom it was rendered, it is sufficient to give the court jurisdiction.

A judgment will not be reversed for a mere diminution in the record which might have been perfected.

One of two joint obligors not liable in a proceeding of garnishment.

Judgment cannot be rendered against a garnishee, upon his liability before it becomes due.

Garnishee under no greater liability to his garnishor, than he would be to his creditor.

A garnishee holding a note for collection, is not liable as holder of the note,

nor on the receipt he gave for the note, without a previous demand and a refusal to deliver up the note, and the amount collected on the note.

Judgment cannot be rendered against garnishee unless he acknowledge an indebtedness.

A judgment taken to the district court by writ of *certiorari* may be reversed.

### *Error to Lee District Court.*

*Opinion by* GREENE, J.    Perry Wilson & Co., obtained a judgment against Samuel S. White, before a justice of the peace, on which execution was issued with a garnishee clause, against William G. Albright.    On the return day, March 10th, 1847, Albright appeared before the justice, and in reply to interrogatories answered in substance, that he had no goods, moneys or effects belonging to the defendant in his possession or under his control; but that on the 1st day of April, 1845, J. W. and W. G. Albright gave their note to S. S. White or order for two hundred and twenty-five dollars payable in two years after date; that said White before leaving the country, deposited the note with him and took his receipt for the same; and that the note is still in his possession.    Upon this answer alone, it appears that the justice rendered judgment against W. G. Albright as garnishee.    But on being brought to the district court by *certiorari*, this judgment was reversd.

1. It is urged for the plaintiffs in error, that the district court erred in reversing the judgment of the justice, as it did not appear by his returns to the *certiorari*, what that judgment was.    It is true that the specific form of the judgment is not set forth by the returns of the justice *in hæc verba*, but still sufficient is contained in the affidavit, writ and returns, to leave no doubt that judgment was rendered by the justice against the garnishee for the sum of forty-three dollars, the amount of the judgment against S. S. White in favor of Perry Wilson & Co.    This was sufficient to give the court jurisdiction.    Besides the necessary legal presumption that the court below had before it the proceedings of the justice, and all the material facts in due form, upon which to predicate an enlightened decision, it appears by the bill of exceptions, that the papers on file

in the case with the facts as they appeared of record, were submitted to the consideration of the court, and upon these the judgment of reversal was rendered. It has repeatedly been decided by this court, that a judgment cannot be reversed by reason of any diminution in the transcript of the record. If defective, the plaintiff should have it perfected; and if not perfected, the correctness of the proceedings below must necessarily be presumed.

2. The second assignment claims, that the court erred in reversing the judgment of the justice, because the answers of the garnishee show that he was liable.

The decision of the district court was doubtless mainly predicated on the facts: 1. That the note given by J. W. and W. G. Albright was a joint obligation, not due, nor in the possession of the payee at the time judgment was rendered against W. G. Albright, one of the joint makers. It is conceded that one of two joint-obligors cannot be held liable in a proceeding of garnishment, on an indebtedness exclusively joint. 2. The note was not due. It is clear that to justify such a judgment, there must have been an actual pending indebtedness from the garnishee to the execution defendant, and not merely a liability to pay at some future day. The language of the statute is, "that if any such garnishee shall be found to be indebted to the defendant in any such execution, a judgment shall be rendered against such garnishee for the amount for which he admits himself indebted in his said answer, or so much thereof, as will satisfy any such execution." This is explicit and leaves no room to doubt that a judgment cannot legally be rendered against a garnishee on a liability not due. It has been decided by our territorial supreme court, that the maker of a negotiable instrument cannot be made liable on a garnishee process unless the instrument is due, and shown to be in possession of the execution defendant. *Jefferson County* v. *Fox et al.*, Morris 48. A decision so conformable to justice and the true meaning of the statute, cannot be disturbed. It would appear repugnant even to the weakest conception of right, to place a garnishee un-

der greater liabilities to the garnishor than he would be under to his creditor.

But plaintiff's counsel contends that the garnishee in this case, was liable as holder of the note and on the receipt he gave, when the note was placed in his possession. Giving a receipt for a note deposited with him for safe keeping, or for collection, could not of itself create a pending indebtedness, nor render him liable as garnishee. Independent of the consideration, that White's beneficial interest in the receipt may have been transferred, we must conclude that if Albright was not liable in an action to White on the receipt, without previous demand and refusal to deliver up the note, or the amount collected thereon, he certainly could not be held amenable as garnishee.

Again, it is urged that the note should be regarded as property or effects of White in the hands of Albright. But even admitting it in that light, the proceedings of the justice appear equally objectionable. Under the 7th art., and 10th section of the justice's act, a judgment can be rendered against the garnishee for such amount only as he may acknowledge himself indebted. And in the attachment clause of the same act, Art. 9, section 19, it is provided, that issues between the plaintiff and garnishee, shall be tried as ordinary issues between plaintiff and defendant, and if on the trial of any such issue, property or effects shall be found in the hands of the garnishee, the justice or jury shall assess the value thereof, and the judgment shall be for the amount in money. Though this section is arranged under the article headed "*attachment*," its provisions appear to extend generally to proceedings of garnishment; and a judgment for property or effects in the hands of a garnishee, can be rendered only in conformity to its provisions. Judgment cannot be rendered against a garnishee, unless he acknowledge indebtedness. *Rev. Stat.* 331, § 10.

3. It is assigned as error, that the court rendered a judgment of reversal on a writ of *certiorari*, where judgment should have been according to the very right of the cause,

either for the plaintff or defendant. We cannot believe that this objection is urged with much seriousness. Though the statute requires the district court in such cases, to give judgment as the right of the matter may appear, it also provides that the judgment may be affirmed or reversed, in whole, or in part. But even if limited to the "very right of the matter," such right would often require an unqualified reversal or affirmance.

No sufficient reason appears for disturbing the judgment of the district court in this case.

Judgment affirmed.

*L. R. Reeves*, for plaintiff in error.

*D. F. Miller*, for defendant.