## VICTOR v. THE HARTFORD FIRE INS. CO.

1. **Garnishment: INSURANCE COMPANY.** A judgment against a garnishee is not authorized, unless it is made to appear that he was legally indebted to the defendant.

2. —— **APPLICATION OF THE RULE.** By its terms a policy of insurance became forfeited and void by change of occupancy and increase of hazard. Under these circumstances the company was garnished at the suit of a creditor of the assured. *Held*, the company not being legally indebted to the assured, that a subsequent payment to the assured of the *unearned* premium, for the purpose of obtaining the policy, did not render the company liable nor authorize a judgment against it.

*Appeal from Mahaska District Court.*

THURSDAY, FEBRUARY 22.

THE appellant, the Hartford Fire Insurance Co., was duly summoned as garnishee, for being the supposed debtor of the defendant in the action, C. N. Smedley, against whom judgment was recovered. The only questions in

this appeal arise upon the following answers : " Daniel
W. Hunt of lawful age, first being duly affirmed, deposes
and answers as follows : I am a member of the firm of
Cook & Hunt, agents of the Hartford Fire Insurance Com-
pany ; that on or about the 4th day of July, A. D. 1870,
said company was garnished in the above-entitled cause ;
that said company is not in any manner indebted to said
defendant Smedley, and does not owe him any money or
property ; that said company has not in its possession or
under its control any property, rights or credits of said
defendant ; that I do not know of any debts, whether due
or not due, owing to said defendant ; nor do I know of
any property, rights, or credits belonging to him and now
in the possession or under the control of others ; that
sometime during the month of August, A. D. 1870, said
firm of Cook & Hunt, as agents of said company, paid to
said defendant the sum of $87.50, and received a receipt
therefor signed by said defendant ; that said money was
paid to defendant for the purpose of obtaining a surrender
and cancellation of a policy of insurance issued to said
defendant by said company, a copy of which policy is
attached to the answer of Cook & Hunt, as garnishees in
said cause, marked " Exhibit A ; " that said receipt was
given and said policy was surrendered at the time of
making said payment of $87.51, and in consideration there-
for ; that I am not certain whether the payment could be
called unearned premium or not ; it was calculated in part,
according to the rules of said company for computing
unearned premium, but was intended as a lumping arrange-
ment to obtain the surrender of said policy ; that there
had been a transfer and change of occupancy of the mill
property described in and insured under said policy prior
to said payment, and also an increase of the " moral hazard "
in connection with said property ; that by reason of said
transfer and change of occupancy, said policy, according
to the terms and conditions thereof, became and was void

and all rights thereunder forfeited by the assured ; but for the purpose of avoiding litigation in case of the destruction of said property by fire, we, the said Cook & Hunt, as agents as aforesaid, under authority from said company, deemed it expedient to purchase a surrender of said policy ; that no demand was ever made by said defendant for any unearned premium on said policy, nor for the cancellation of said policy ; that no tender was ever made by said company to said defendant of any unearned premium on said policy ; that no money or draft was ever sent to Cook & Hunt as agents by said company to pay to said defendant as aforesaid, but said payment was made out of moneys coming into the hands of said agents in the course of their general business for said company, and was charged to the account of said company ; that said policy was dated February 3, 1870, and was for $5,000 ; and said $87.50 was paid for the surrender of said policy, and corresponded to seven months unearned premium ; that said transfer, change of occupancy and increased " moral hazard " took place about the latter part of June, A. D. 1870 ; and about that time said Cook & Hunt, as agents of said company, notified said defendant by letter that said policy was forfeited and void by reason of said transfer and change of occupancy," duly signed and verified.

The following are agreed upon by the parties herein as the only provisions or conditions contained in the policy of insurance referred to in the foregoing garnishee answers, that are material to the determination of this cause: " In consideration of $150, etc., do insure, etc., C. N. Smedley for one year, etc., from February 3, 1871, etc. * * * Loss, if any, payable to J. H. Warren, mortgagee, as his interest may appear, * * * Or if the risk be increased by any means within the control of the assured ; or any change takes place in the title or possession of the property, whether by sale, legal process, judicial decree, voluntary transfer or conveyance, * *

\* then, and in every such case, this policy shall be void. This policy may be canceled at any time at request of assured, the company retaining customary monthly short rates for time policy has been in force ; it may also be canceled at any time by the company on giving written or verbal notice to that effect, and refunding or tendering a ratable proportion of the premium for the unexpired term of the policy."

No issue was taken on said garnishee answers, but the cause was submitted to the court on said answers by motion of plaintiff, that judgment be entered against the Hartford Fire Insurance Company of Hartford, Connecticut, in his favor, for the sum of $87 and $50,100 on the garnishee answers aforesaid. On the 4th day of March, 1871, judgment was entered accordingly, from which the Hartford Fire Insurance Company appeals.

*Lafferty & Johnson* for the appellant.

*Lacey & Shepherd* for the appellee.

COLE, J. — The only question arising in this case is as to the liability of the garnishee, the Hartford Fire Insurance Co., upon the answers of their agent, set out in the statement preceding this opinion. That liability, if any, in this case, must be grounded upon an indebtedness by said insurance company to the defendant in the action, C. N. Smedley, at the time of the garnishment or subsequent thereto, and prior to the adjudication thereon. No claim is made of any liability of the appellant, on the ground that the garnishee had any of the defendant's property in its hands. The question then is simply whether, in the language of our statute, " it is made to appear that the garnishee was *indebted* to the defendant." The service of the garnishment process does not constitute a prohibition of all commercial or business transactions between the garnishee and the judgment or attachment

defendant. Its effect is to stop the payment of any *debt* then owing, or which may be owing at any time subsequent thereto. Rev., § 3209. Our statute, in respect to debts accruing, subsequent to garnishment, is broader than the former statutes of Maine, Massachusetts and other States, which limit the liability of the garnishee to debts owing at the time of garnishment. For cases illustrating the rule or statutes in other States, see authorities cited in Drake on Attachments, §§ 667-671. The precise point which we here rule, as the substratum whereon our determination of this case rests, is, that there must be the relation of debtor and creditor, a pecuniary liability between the garnishee and the attachment or execution defendant. If, after the service of the garnishment process, the garnishee shall purchase of the execution or attachment defendant any property for cash in hand then paid him, the garnishee would not be liable upon the garnishment process for the money so paid the debtor. So, also, if after garnishment the garnishee should borrow or hire for a limited time the horse or other property of the debtor, he might return the horse pursuant to the terms of the borrowing or hiring, without liability upon his garnishment, and this, although the statute says that he is liable if he " had any of the defendant's property in his hands, either at the time of being served with the garnishee notice, or at any time subsequent thereto."

The single inquiry, then, is, was the garnishee, the Hartford Fire Insurance Co., indebted to the defendant C. N. Smedley. This inquiry can be answered by ascertaining whether Smedley could have compelled by action the insurance company to pay him the so-called unearned premium. If he could, then the insurance company was indebted to him and is liable to this plaintiff; if he could not, then the company is not liable, although it may have voluntarily paid to him that sum or any other. The answer shows that the property described in the policy had

been sold and conveyed by the insured to another and the possession transferred to him, and that such change of title and possession increased the "moral hazard;" that for this reason the insurance company, by its agents, had, prior to the garnishment, declared said policy forfeited, and had notified said insured, the defendant Smedley, by letter, that said policy was forfeited and void by reason of said sale and conveyance and change of occupancy. One condition of the policy was, that if "any change takes place in the title or possession of the property, whether by sale, legal process, judicial decree, voluntary transfer or conveyance * * * * * then and in every such case this policy shall be void." This condition had happpened and the policy had been declared void, prior to the garnishment in this action. This put an end to the liability of the insurance company to the insured, Smedley, upon the policy. The company, not being legally or equitably liable or indebted to Smedley, could not be made liable to the plaintiff; its liability to the insured is the measure of its liability to the plaintiff. The fact that the company afterward voluntarily paid Smedley any sum could not make it liable to again pay the like sum to this plaintiff. Nor would the further fact that the company paid such sum to avoid a possible liability to him, subject it to make payment a second time if no such liability to him existed either in law or equity.

But the appellee's counsel insists that the insurance company, having declared the policy void, was liable to the insured for the unearned premium. The case of *Viele* v. *The Germania Insurance Co.*, 26 Iowa, 9, is cited in support of this claim. In that case (see page 54) the underwriters reserved the right to cancel it upon the risk being increased, or for any other cause, "*by paying to the assured the unexpired premium pro rata.*" The case does not support the doctrine as claimed by counsel for appellee; and, further upon this point, it should be noticed

in the construction of the condition of the policy that, in addition to and in connection with the conditions first above set out, there are these further conditions: " This policy may be canceled at any time at request of assured, the company retaining customary monthly short rates for time policy has been in force; it may also be canceled at any time by the company, on giving written or verbal notice to that effect, and refunding or tendering ratable proportion of the premium for the unexpired term of the policy." Taking and construing these conditions together, they amount to this: If the assured aliens the property, the insurer may declare the policy void without liability to refund unearned premium; if the assured requests the policy canceled, he will be entitled to any unearned premium, after deducting customary monthly short rates; and if the insurer desires to do so, the policy may be canceled at any time by refunding to the assured the unearned premium *pro rata*. The fact that the obligation to refund any unearned premium is expressly provided for in two of the three conditions, and not in the other also, shows that, by the understanding of the parties, there was to be no obligation to refund upon the happening of such other condition. Placing the construction upon the answer of the garnishee, to which it is entitled (see *Morse* v. *Marshall*, 22 Iowa, 290), we hold that the garnishee was entitled to judgment of discharge thereon, with costs.

Reversed.