PETER DIETER

*v.*

CHARLES W. SMITH *et al.*

1. GARNISHMENT—*truth of answer—whether material.* Where a garnishee, in his written answer, denies his liability, and he testifies as a witness in the case, and his testimony is uncontradicted, it is a matter of no consequence whether his answer is wholly true or not, and it is not proper to submit the question to the jury to find whether the answer is true.

2. SAME—*liability of mortgagee in possession, to garnishee process.* Where a mortgagee of chattels reduced them to possession one or two days before he was garnisheed for a debt of the mortgagor, but had not sold the property, it was *held*, that he was not liable to the process on the ground that the property in his hands exceeded in value the sum in which the mortgagor was indebted to him.

3. In case the mortgagee had sold the mortgaged chattels, and had an excess in his hands over his debt, or had refused to sell according to the terms of the mortgage, and converted the property to his own use, a different question would be presented as to his liability.

4. SPECIAL VERDICT. Where the jury find a general verdict in favor of the garnishee, and also find, specially, that his written answer is not

true, this will not authorize the court to set aside the general finding and render judgment against the garnishee, as the special finding is not necessarily inconsistent with the general verdict.

A<span style="font-variant:small-caps">PPEAL</span> from the Circuit Court of Iroquois county; the Hon. C<span style="font-variant:small-caps">HARLES</span> H. W<span style="font-variant:small-caps">OOD</span>, Judge, presiding.

Messrs. D<span style="font-variant:small-caps">OYLE</span> & M<span style="font-variant:small-caps">c</span>C<span style="font-variant:small-caps">ULLOUGH</span>, for the appellant.

Mr. C. R. S<span style="font-variant:small-caps">TARR</span>, for the appellees.

Mr. J<span style="font-variant:small-caps">USTICE</span> C<span style="font-variant:small-caps">RAIG</span> delivered the opinion of the Court:

The appellees, on the 28th day of April, 1871, instituted a suit by attachment against one John Beaumont, before a justice of the peace of Iroquois county. Property was attached and garnishee process was served on appellant. The justice rendered judgment against appellant, and he appealed to the circuit court, where, at the March term, 1870, a trial was had before a jury.

The bill of exceptions shows that Beaumont was indebted to appellant, and had given him a chattel mortgage on certain personal property. Appellant took possession of this property a day or two before he was served with garnishee process; that appellant was in nowise indebted to Beaumont, but the property which he had taken under the chattel mortgage was worth something more than the mortgage debt.

After the evidence had all been introduced, as is shown by the bill of exceptions, the court stated that, "as counsel differed materially on the law, and as the instructions asked were numerous on both sides, he had concluded, if counsel were willing, to let the jury find a special verdict, and the court could then settle the law upon such special finding," to which the counsel on both sides did not object; and the following instructions were then given to the jury by the court, in the form of questions to be answered:

*First*—Is the answer of said garnishee true?

*Second*—What was the value of the mortgaged property which Dieter reduced to his possession?

*Third*—What was the amount owing from Beaumont to Dieter at the time of the service of the garnishee process?

The jury returned a general verdict in favor of appellant; and in answer to the first question, said no; to the second, $130, and to the third, $65.56.

On motion of appellees, the court set aside the general verdict of the jury, and rendered judgment against the appellant, and in favor of appellees, for the sum of $64.50, to which appellant excepted. This decision of the court was clearly erroneous, and in conflict with the finding of the jury. The court had no power to set aside the verdict of the jury, and make a verdict directly antagonistic to the one the jury had rendered. Section 51 of the act of 1872, page 346, provides, the court may, at the request of either party, require the jury to render a special verdict upon any fact or facts in issue in the cause, which verdict shall be entered of record, and proceedings had thereon, as in other cases. When the special finding of the fact is inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly.

Was there such an inconsistency between the general verdict and the special finding of the jury, which would authorize the court, under this section of the statute, to make an entire verdict, and render judgment thereon? An examination of the facts will give a negative answer to the question.

One of the special facts found was, that the answer of the garnishee was not true; another was, the value of the mortgaged property appellant reduced to possession was $130; the other was, Beaumont was indebted to appellant, at the time garnishee process was served, in the sum of $65.56.

Whether the jury regarded the written answer of appellant, which was offered in evidence by appellees, as true or not, is a matter of no consequence. He was a witness in the case, and his evidence was uncontradicted.

The jury found the value of the mortgaged property $130, and that Beaumont was indebted on the mortgage to appel-

lant $65.56. There is no inconsistency in these facts with the general verdict in favor of appellant. Because the property appellant held under his mortgage was worth more than his debt, this fact did not render him liable to garnishee process. If he had sold the property, and had an excess in his hands over his debt, that would have presented a different case; or if he had refused to sell according to the terms of the mortgage, and converted the property to his own use, that would have presented a different question; but in this case, as is shown, appellant was served with garnishee process one or two days after he took the property in the mortgage, and before he had time to advertise and sell. The jury might, with entire consistency, find, as they did, that the property was of greater value than the mortgage debt, and, at the same time, find that appellant was not liable to be garnisheed for an excess of the value of the property over the mortgage debt.

For this error of the court in setting aside the verdict in favor of appellant, and rendering judgment against him, in favor of appellees, the judgment will be reversed and the cause remanded.

*Judgment reversed.*