HUNTINGTON ET AL. v. RISDON.

1. **Garnishment**: LIABILITY OF GARNISHEE. A prior settlement between the defendant in the main action and the garnishee, by which the indebtedness of the latter to the former is extinguished, avoids any liability of the garnishee upon a judgment against the defendant. His liability as garnishee is measured by his indebtedness to the defendant at time of the garnishment.

*Appeal from Fremont District Court.*

WEDNESDAY, JUNE 14.

THIS is a proceeding wherein Chas. Risdon was garnisheed in execution, on a judgment of plaintiffs against Merritt Risdon and Daniel Risdon. Issue was taken by the plaintiffs upon the answer of the garnishee; a jury was waived and there was trial by the court, and judgment against the garnishee, from which he appeals. The facts necessary to an understanding of the case appear in the opinion.

*Stow & Hammond*, for appellant.

*C. A. Wynn*, for appellee.

Rothrock, J.—The evidence is all before us. It is not in conflict, and it fairly establishes the following facts: Merritt Risdon, being indebted to the plaintiffs, gave them two notes, one with Charles Risdon and Daniel Risdon as sureties, and the other with Daniel alone. Before these notes were given, Daniel Risdon loaned money to Merritt, and took a bill of sale upon his building and stock of goods to secure him. Suit was brought and judgment had on the note on which both Charles and Daniel were sureties; and in January, 1874, in order to secure Charles for his liability on said judgment, Daniel transferred to him the building and stock of goods, amounting in value to $730, and Charles agreed to pay said judgment. At the time this was done Daniel was owing Charles $146. The property turned over to Charles was sufficient to pay the judgment and Daniel's debt to him, excepting about $35. In February, 1874, a settlement was had between all three of these parties, in which it was agreed that Charles should pay the judgment, and apply the balance of the proceeds of the building and goods on the $146, due from Daniel to him. This left $35 still due from Daniel to Charles. Merritt Risdon is still indebted to Daniel on the original loan, in the sum of $1100. After this settlement was made, and in March, 1874, judgment was rendered on the note given to plaintiffs on which Daniel was the only surety, and Charles was garnished on this judgment on the 11th day of April, 1874. The court below found that Charles was indebted in the sum of $146, and rendered judgment therefor.

We are clearly of the opinion that, at the time of the service of garnishment, Charles Risdon was not in any manner indebted to either Merritt or Daniel, nor had any money or property of either of them in his possession. Code, § 2980. His liability as garnishee is measured by his obligation to the execution defendants, at the time of the service of the garnishment, and in the absence of fraud, he should not be

placed in a worse position than he would be if the defendants were prosecuting the claim against him. *Wilson v. Albright*, 2 Greene, 125; *Williams & Cunningham v. Howard*, 2 Iowa, 154; *Boynton & Stapleton v. District Township of Warren*, 11 Id., 166.

There is no evidence tending to show that the transaction between the parties was tainted with fraud, or that it was in any manner unfair, and our conclusion is that the judgment of the court below must be

REVERSED.