GEORGE BRAGUNIER *et al.* v. THE BECK & CORBETT IRON COMPANY.

1. AGENT OF MORTGAGEE, *Holding Personal Property of Mortgagor — Garnishment.* Where a mortgagee of personal property, consisting of a stock of goods and book accounts, places an agent in possession of the stock, with full power to sell and to collect the book accounts, and such agent, acting as general manager, sells goods and collects book accounts sufficient to pay off the mortgage debt, costs and charges, and there is left in his hands after such sale a large amount of goods and book accounts, *held,* the agent has such possession of the property of the mortgagor as will make him liable to answer in garnishment to a creditor of such mortgagor.

2. MORTGAGEE — *Garnishment.* Where a mortgagee of personal property sells of the same sufficient to pay the mortgage debt and charges, and after such sale there is left an excess of goods in his possession, *held,* that such mortgagee is liable to answer in garnishment for such excess in an action by a creditor of the mortgagor.

*Error from Lyon District Court.*

THIS was an action brought by the defendant in error against the plaintiffs in error, to recover $113.80, and costs. The facts as shown are as follows: E. E. Weaver & Co., hardware merchants at Emporia, became embarrassed, and

for the purpose of securing indebtedness held by Kellogg & Sedgwick as agents and attorneys for non-resident claimants, gave Sedgwick, of the said firm of Kellogg & Sedgwick, on August 25, 1886, a mortgage on their stock of goods and book accounts. Sedgwick took immediate possession under the mortgage, and placed George Bragunier, one of the plaintiffs in error, in charge of the store. The goods were left in the room formerly occupied by Weaver & Co.; Bragunier had the keys to the store and full charge, and sold a sufficient amount of the goods to pay the mortgage debt, costs, and expenses. On the 16th day of August, 1886, defendant in error obtained a judgment against E. E. Weaver & Co. for $113.80, including costs. Afterward, on the 13th day of October, 1886, they filed the necessary affidavits, and caused to be issued a garnishment order, and caused the same to be served upon George Bragunier, who, in obedience to said order, appeared, and was examined under oath. This examination showed that he was in charge of the store; had full possession of the keys to the room; sold goods, and collected book accounts; and as the money was received he deposited it each day to the credit of Sedgwick, to be applied on the mortgage debt; and at the time of the service of this order he had sold sufficient of the goods and collected of the accounts enough to pay the entire mortgage debt, and the same had been deposited to the order of Sedgwick. It also showed that Bragunier had at the time of the service goods to the amount of $690, and some $250 of book accounts and notes; that on the day of the answer he turned all of the goods and accounts over to Kellogg & Sedgwick. On this answer and showing, the justice before whom the answer was made directed Bragunier to turn over to the constable sufficient of the goods to satisfy the claim of the plaintiffs below, defendants in error, which demand was refused by Bragunier. Kellogg & Sedgwick, at the time of the service of the order, and at the time the goods were turned back to them, had full knowledge of the service upon their agent Bragunier. This action was brought against Bragunier and Kellogg & Sedgwick to re-

cover the amount of the judgment and costs, and upon the answer and the facts stated the matter was submitted to the court, and judgment rendered for the plaintiffs below, defendants in error, for the amount claimed; whereupon the defendants appealed to the district court. Trial by the court, at the September term, 1887, and judgment was again rendered for the plaintiffs below, defendants in error. Defendants below now bring the case here.

*Kellogg & Sedgwick*, for plaintiffs in error.

*Cunningham & McCarty*, for defendant in error.

Opinion by CLOGSTON, C.: Two questions are raised by the plaintiffs in error: First, was Bragunier, the party served with garnishment, such an agent, and did he have such possession of the property of Weaver & Co. as would make him liable in garnishment proceedings? Second, are mortgagees of personal property, while in the possession of the property, liable in garnishment? As to the first of these questions, it is one of some doubt, and each case of this character must be determined upon the facts surrounding it, and no rule can be established that will apply to all of this class of cases; for it has been held, and doubtless properly, that some classes of agents are not liable; such, for instance, as hotel-keepers while in possession of the baggage of their guests, and persons who hire livery teams, common carriers, persons in charge of property under conditional sales, where goods are turned over for examination or trial; all those classes of possession have been held not sufficient to create a liability to answer in garnishment. (Waples, Att. and Garn., p. 194.) But we think few cases can be found where this rule has been applied to persons who are in charge of stocks of goods or stores as general managers or agents having the care, control and management of such business. In this case, while Bragunier in one sense was the agent of Kellogg & Sedgwick, yet Kellogg & Sedgwick were simply the agents of the original creditors; they were representing non-resident creditors of Weaver & Co.,

and neither they nor Bragunier had any interest in the goods, but were simply trustees or agents for the persons named in the mortgage. At the time of the service, the goods were held by Bragunier under the mortgage, but at that time the mortgage had spent its force, and all rights under the mortgage had ceased, for the reason that a sufficient amount of the goods had been sold and the money deposited in bank to pay off the mortgage debt. The mortgage then did not give any possession to Sedgwick or Bragunier, but the goods were held by them subject to Weaver & Co.'s order. If this is true, then the goods were subject to attachment as the goods of Weaver & Co.; and, if so, surely subject to garnishment in the hands of the persons who had actual possession and charge of the goods. ( *Victor v. Insurance Co.*, 33 Iowa, 210; *Jones v. Crews*, 64 Ala. 368; *Caldwell v. Coates*, 78 Pa. St. 312; *Webster v. Steele*, 75 Ill. 544.) Under these facts, we think Bragunier's possession and agency were sufficient to require him to answer and be responsible for the goods. (*Buddig v. Simpson*, 33 La. Ann. 375.)

The second claim we think is not well taken, and the authorities cited by counsel do not bear out their theory. In *Dieter v. Smith*, 70 Ill. 168, cited by counsel, the court held that property in the hands of a mortgagee was not subject to garnishment, but it was upon a very different state of facts from that presented in this case. In that case the mortgagee had taken possession of the property but a few days before service, and had not made a sale of the mortgaged property. The court properly held in that case that the mortgagee was not subject to garnishment, because it could not be definitely told that the property would be more than enough to pay the mortgage debt, or that it might not be lost or destroyed and nothing be realized from it. But the court in closing that case said: "If he had the property and had an excess in his hands over his debt, that would have presented a different case; or if he had refused to sell according to the terms of the mortgage and converted the property to his own use, that would have presented a different question." We think the

35 — 41 KAS.

rule is well established that where the mortgagee is in possession of the mortgaged property, and is fairly carrying out the terms of the mortgage, or has failed to get possession of the mortgaged property, although entitled to its possession — in all those classes of cases the mortgagee is not liable to such process. (*Fountain v. Smith*, 30 N. W. Rep. 635.) But where he has the property in his possession, and refuses to sell and satisfy the mortgage, or where he has sold and satisfied his mortgage, and there remains an excess of property in his hands — in that class of cases we think the authorities are also well settled that he must answer to garnishment.

These questions settle this case, and we are satisfied from the answers of the garnishee that at the time of service upon him he had such control of the property as made him liable; and as this property was turned over in violation of the process of the court, the defendants were liable to the plaintiffs below for the amount of their judgment and the costs.

It is therefore recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.