L. R. ELLER, Appellee, v. NATIONAL MOTOR VEHICLE COMPANY, Appellee, PEGAU AUTO COMPANY et al., Appellants.

GARNISHMENT: Liability of Garnishee—Future Dealings with Defendant. A garnishee, after garnishment and prior to the determination thereof, may continue, without liability to the plaintiff in execution, to deal with the execution defendant and carry out contract obligations existing prior to and after the garnishment, so long as such continued dealings do not render him indebted to the defendant in execution, or place the property of the execution defendant in his possession.

PRINCIPLE APPLIED: A garnishee, at the time of garnishment, neither owed nor had in his possession any property belonging to the execution defendant. At said time, however, a contract existed between the garnishee and the defendant in execution, under which said defendant agreed to sell, from time to time, certain automobiles to said garnishee, and garnishee agreed to pay therefor "on sight draft with bill of lading attached, delivery f. o. b. Indianapolis, Ind." After the garnishment, and before answer, the garnishee continued to make large purchases under the contract, and was necessarily compelled to pay the sight draft on each purchase and secure possession of the bill of lading, in order to get possession of the automobiles. *Held*, garnishee was not liable to the execution plaintiff.

GARNISHMENT:     Property Subject—Debt "To Become Due."
2 Principle recognized that a debt which is not in existence when
   the garnishment is made is not a debt "to become due," within
   the meaning of Section 3935, Code, 1897.

*Appeal from Polk District Court.*—LAWRENCE DEGRAFF,
Judge.

NOVEMBER 17, 1917.

THE opinion states the case.—*Reversed.*

*Brammer, Lehmann & Seevers,* for appellants.

*C. J. Eller,* for appellee.

WEAVER, J.—The petition states that,
1. GARNISHMENT: in the spring of 1913, plaintiff purchased an
   liability of
   garnishee:      automobile from the defendant, through the
   future deal-
   ings with       Iowa Automobile & Supply Company of Des
   defendant.
                   Moines; that the purchase was made in re-
liance upon representations by the defendant that the car
was well made and of good material and workmanship; but
that, upon receipt and use of said car, it proved to be in-
ferior and defective in material and workmanship, and
thereby was made worth materially less than it would have
been if it had been of the quality and character represented,
by reason of which he has been damaged in the sum of
$1,200, for which he asks recovery. In an amendment, he
further alleges that the defendant, though a corporation
with its principal offices at Indianapolis, Indiana, has branch
offices at Des Moines, through which it does business in
Iowa. Original notice of the action was returned as hav-
ing been served on the defendant by reading the same to
John H. Gibson, president of the Iowa Automobile & Sup-
ply Company, as agent of the defendant; also by reading
the same to C. A. Pegau, member of the Pegau Auto Com-
pany, as agent of the defendant. The defendant made no
appearance to the action, and judgment was rendered

against it by default for $500, under date of October 26, 1915. On January 13, 1916, under a general execution issued upon the judgment, notice of garnishment was served on the Pegau Auto Company. Responding to the notice, the garnishee thereafter filed written answer, denying that it was in any manner indebted to the defendant on the date of the garnishment or any date thereafter, down to and including the date of the answer. Further answering, the garnishee alleged that the judgment upon which the execution issued was void, because no notice of the pendency of the suit had ever been served. Still further answering, the garnishee says that it is a dealer in automobiles, buying its cars at wholesale and selling them at retail, and that, while it has bought cars under a certain written contract hereinafter mentioned, it has never been or acted as defendant's agent, and has neither had nor sustained any other relation therewith than is shown by said contract. He further shows that the contract was entered into on July 15, 1915, for the period of one year. By this contract, the National Motor Vehicle Company agrees to sell to the Pegau Auto Company, which company also agrees to purchase, a number of cars at different dates during the period of the contract, at a stated rate of discount from the list prices, on the following terms: The Pegau Auto Company thereafter agreed to make a deposit with the defendant company of $200, and "that the balance on all cars shall be paid on sight draft, with bill of lading attached, delivery f. o. b. Indianapolis, Ind." Other stipulations have no material bearing upon this controversy, except, perhaps, as they may be considered evidence on the question of the garnishee's alleged agency and the sufficiency of the service of plaintiff's original notice. But we reach our conclusion, hereinafter stated, without reference to the latter question, and shall, therefore, not encumber our opinion with further recitation of the agreement.

On trial of the issue joined by plaintiff upon the garnishee's answer, no evidence was offered tending to show that, at the time notice of garnishment was served, the garnishee was in any manner indebted to the judgment defendant or had any property of said defendant in its possession; but the garnishee admitted that, after the notice was served, and before the answer thereto was filed, it had received several cars from the defendant and had paid for the same according to the terms of the written agreement. Mr. Pegau, who is in fact the "Pegau Auto Company," testifies as follows:

"I simply buy my automobiles at wholesale and sell them at retail. The cars are shipped with draft attached to bill of lading, and, in order to get possession of these cars, we have to pay the draft: we have to pay the draft in order to get the bill of lading before we unload them or even inspect them. The bill of lading is sent to the bank. * * * I never have any cars in my possession belonging to the National Motor Vehicle Company. I never get possession of any cars before I pay full price for them. * * * I have received some cars from this concern after this garnishment was made. I received and paid for on February 6th two Nationals, two on February 8th, two on March 26th, and two on March 28th. In round numbers, I have paid $9,600 since the garnishment was served. They were delivered to the railroad company and not released to us until we paid the draft attached to the bill of lading at the bank. I paid the draft before I got the bill of lading, and could not get the cars into my possession without paying for them. * * * At the time this notice was served, I did not have any cars which were not paid for."

Upon the showing thus made, the trial court found for the plaintiff and entered judgment against the garnishee for $500, with interest and costs, and in addition thereto "ordered, adjudged and decreed that the garnishee

shall not pay the National Motor Vehicle Company any further sum upon the contract until the judgment against said defendant with interest and all costs are all paid." From this judgment the garnishee appeals.

Reversing the order of counsel's argument, we first take up the question whether, assuming for the purposes of this case the entire validity of the judgment recovered by the plaintiff against the National Motor Vehicle Company, he has shown himself entitled to recover from the garnishee.

For two or three very sufficient reasons, this question must be answered in the negative. Garnishment, as the word is used in this state, is a proceeding by which an attachment or execution plaintiff seeks to subject to his writ the property, rights and credits of his debtor by calling into court and requiring answer of some third person who has either property, credits or effects of the debtor in his possession, or who is himself indebted to such defendant. It is not the purpose or intent of the law to require more of the garnishee than that he turn over to the officer or to the court any property or effects of the debtor in his possession or control, and pay to the officer or into court any debt he may owe to the plaintiff's debtor. In this state, also, it is doubtless true that, if the garnishee's answer discloses that, at the time of the garnishment, he owed the defendant a debt which was not and is not yet due and payable, the court may continue the hearing for the maturity of such debt, or possibly may enter judgment therefor payable when it falls due. But nothing is better settled than that the garnishee will not be held to any other or greater obligation for the benefit of the plaintiff than he was already under to the debtor. The court cannot do any more than put the plaintiff in the shoes of the debtor, so far as relates to the claim against the garnishee. The notice to the garnishee

serves to impound in his hands whatever he may then owe the debtor or may have in his hands or in his control for the debtor. It does not inhibit him from all future dealings with the debtor nor place him under obligation to withhold payment of any debt he may thereafter contract. If the debtor himself has no right of action against the garnishee, the attaching or execution creditor can acquire none under his writ. If no relation of debtor and creditor exists between the garnishee and the judgment debtor, then no ground exists for recovery by the judgment creditor against the garnishee.

Turning, then, to the showing in this particular case, there is an entire absence of evidence showing or tending to show that, when the garnishment was served, the garnishee was indebted to the judgment debtor in any amount or sum. Indeed, the only evidence on the subject expressly negatives such conclusion. The garnishee had no car of the defendant's in his possession, and he had paid in full for all cars bought up to that date. The written contract between them was not a contract of sale upon which the garnishee became indebted in any sum. It was a contract or agreement to make certain sales in the future, such sales to be made and consummated on the basis of cash payment before the delivering to the garnishee of the bill of lading, which delivery must precede the right to demand and take possession of the cars purchased. The delivery of the property purchased and the payment of the price under such circumstances are to be regarded as simultaneous, or as a single act. No credit was extended, and there was never an instant when the relation of debtor and creditor existed. Moreover, all this occurred after the garnishment was served, and would not, in any event, render the garnishee liable in this proceeding. See Code Sections 3935 and 3946; *Victor v. Hartford Fire Ins. Co.*, 33 Iowa 210; *Cox v. Russell,*

2. GARNISHMENT: property subject: debt "to become due."

44 Iowa 556; *Huntington v. Risdon,* 43 Iowa 517; *Thomas v. Gibbons,* 61 Iowa 50.

It is not material that there was a contract for future sales not yet in fact made or consummated at the time of the garnishment; the seller might yet refuse to make the sales or the buyer to make the purchases, or they might mutually agree to waive further performance of their agreement. They were under no obligation to proceed any further unless they chose to do so, and quite certainly the execution creditor could not compel them to proceed for his benefit.

There was an entire absence of evidence to show any indebtedness of the garnishee to the judgment defendant when the notice was served or at any other time, and the proceedings should have been dismissed. This conclusion renders it unnecessary for us to consider or decide the question of the validity of the original judgment.

The judgment of the district court is—*Reversed.*

Gaynor, C. J., Preston and Stevens, JJ., concur.