OTTUMWA NATIONAL BANK, Appellee, v. N. M. NORFOLK et al., Appellants.

**GARNISHMENT:** Contingent Rights—Property Subject to Garnishment. Where, after the holder of a beneficiary insurance certificate disappeared, and was presumed to be dead, the in-

surer and the beneficiary under the policy contracted that the money due on the policy should be deposited in the bank by the insurer, to be paid to the beneficiary at the end of 10 years thereafter, unless the insurer could prove that the insured was alive, the beneficiary had an existing contingent beneficial property right in the funds held by the bank, and this was a vested interest, subject to the subsequent condition provided for in the contract, and one which was subject to garnishment for the debts of the beneficiary; and, in a garnishment action thereon, the court could continue the garnishment proceedings, subject to the further order of the court, until it was seen whether the defeasance provisions resulted, and whether the funds went to the beneficiary.

GARNISHMENT:   Notice—Principal Defendant — Appearance—Proceedings.   Where there is an informality in the service of notice of garnishment upon the principal defendant, and both he and the garnishee appear, and, making no objection, move to cancel and set aside an order continuing the proceedings for further orders as to the garnished funds, and where, if the notice was wrong, another one could be served, and where no judgment has been rendered as yet against the garnishee, the garnishee and the debtor cannot object that no notice of the garnishment has been served on the debtor, as required under Section 3947, Code Supp., 1913.

*Appeal from Wapello District Court.*—D. M. ANDERSON, Judge.

MAY 6, 1919.

THE appellant Phoenix Trust Company was garnished as a supposed debtor of the principal defendant, N. M. Norfolk. The answer of the garnishee did not show an absolute indebtedness to the principal defendant, but, as contended, only a contingent liability. The court ordered that the garnishee hold the money until the further order of the court, subject to be applied, when due, to defendant, and that the garnishment matter be continued, subject to the further order of the court. From this order, the defendant and the garnishee appeal.—*Affirmed.*

*Geo. F. Heindel* and *Roberts & Webber,* for appellants.

*Work & Work,* for appellee.

PRESTON, J.—Plaintiff brought action against N. M. Norfolk, to recover judgment on promissory notes. The petition was filed on March 29, 1916, and on the same day, a writ of attachment was issued, and the Phoenix Trust Company was garnished thereunder. The garnishee answered, September 9, 1916, in which answer it says that, about March 23, 1916, the Modern Woodmen of America paid to said Trust Company $3,000, under a contract of trusteeship, dated February 21, 1916, executed by defendant N. M. Norfolk and Hazel M. Norfolk, as parties of the first part, Modern Woodmen of America, as party of the second part, and Phoenix Trust Company, as party of the third part; that, about February 20, 1896, the Modern Woodmen of America issued to one Burnabee a benefit certificate for $3,000, payable, in the event of his death, to defendant N. M. Norfolk, in the sum of $2,000, and to Hazel M. Norfolk in the sum of $1,000; that Burnabee disappeared from his home about August, 1905, and that the beneficiaries claim he is dead, but are unable to make proof of such death, and therefore claim said $3,000, for which they have brought suit in the district court of Wapello County, Iowa. Said contract provides for the dismissal of said suit, and the payment of said $3,000 to Phoenix Trust Company, upon the following conditions:

"The $3,000 to be repaid by the Trust Company to the Modern Woodmen of America, with interest, in the event that Burnabee shall, within 10 years from the date of the contract, be located and found to be alive * * *. If it shall be determined that said Burnabee shall have died at any time during the period of 10 years subsequent to the date of the contract, then the Norfolks shall pay to the Woodmen a sum of money equal to the amount of dues and

assessments that would have been due and owing to said Woodmen on account of said certificate, in order to keep it in force during the entire lifetime of said Burnabee. That, if the Modern Woodmen of America does not, within 10 years, notify the Norfolks or the Trust Company of any claim that Burnabee is alive, or has been alive subsequent to the date of the contract, then the Trust Company shall pay to the Norfolks the said $3,000, with interest at the rate of 3 per cent from the date of the contract, $2,000 to N. M. Norfolk, and $1,000 to Hazel M. Norfolk, and that thereafter the obligation shall be void; but if the said Woodmen shall, within 10 years, notify said Norfolks and the Trust Company that it claims that the said Burnabee is alive, or has been alive during any portion of the said time, then the agreement shall remain in force until said claim of said Woodmen has been determined in the manner provided for in the contract. The Trust Company shall pay to the Norfolks annually the net interest earnings on said $3,000 in excess of the 3 per cent to be retained by the Trust Company, during the period covered by the contract."

In July, 1916, the Trust Company received from Woodland Camp, M. W. A., the further sum of $50, under a written agreement whereby the same is to be held subject to all conditions and agreements set out in the contract of February 21, 1916. Upon the foregoing answer, the garnishee prayed that it might be dismissed and discharged.

We have not set out the details of the contract as to how any dispute as to whether said Burnabee was alive or dead should be determined. An original notice was served on the principal defendant, N. M. Norfolk, on October 9, 1916; and on January 10, 1917, judgment by default was entered against the principal defendant, N. M. Norfolk, on the notes, in the sum of $1,851.42, with costs, the court finding that due and timely notice had been

served upon said principal defendant, both of the pendency
of this cause and of the attachment and of the garnishment
of the Phoenix Trust Company, and continued the gar-
nishment matter, subject to the further order of the court,
in this language:

"And it further appears that the said Phoenix Trust
Company, garnishee, has in its possession, as appears from
its answer, as garnishee, filed in this case, the sum of $3,-
000, in which the defendant (Norfolk) has a contingent
interest of $2,000, bearing 3 per cent interest, to be due
said defendant on contingency, set forth in said garnishee's
answer. It is therefore ordered that the said garnishee
shall hold and retain the said $2,000, with interest, accrued
and accruing, until the further order of this court, sub-
ject to be applied, when due, to defendant, upon the judg-
ment hereinbefore rendered, and said matter of garnish-
ment is hereby continued, subject to the further order of
this court."

In June, 1917, defendants, N. M. Norfolk and the Trust
Company, garnishee, filed a motion to correct the record
entry and to set aside the order and judgment of Janu-
ary 10, 1917, by striking out the word "both" in said entry;
also the words "and of the attachment issued in said cause,
and the garnishment of the Phoenix Trust Company;" also
to strike out of said entry, beginning with the words, "and
it further appears," and ending with the words, "herein-
before rendered, and," for the following reasons: (1) There
was no notice to the defendant of said garnishment, as re-
quired by Code Section 3947, and for that reason the court
has no jurisdiction to enter said judgment against the gar-
nishee. (2) The answer of the garnishee shows that the
obligation from the said garnishee to the defendant N. M.
Norfolk is uncertain and contingent, and may never become
due and payable, and is not subject to garnishment. This
motion was overruled in December, 1917.

1. The principal contention of appellant is that, because the obligation from the garnishee to the principal defendant is uncertain and contingent, it is not subject to garnishment. Their proposition is that a debt which is uncertain and contingent, and may never become due and payable, is not subject to garnishment; that it is only indebtedness that is in its nature absolute and payable at some time, without contingency, that can be reached by such process. To support this contention, they cite Code Section 3897; *Victor v. Hartford Ins. Co.,* 33 Iowa 210, 212; *Dickinson v. Davis,* 164 Iowa 449, 455; *Huntington v. Risdon,* 43 Iowa 517; *Thomas v. Gibbons,* 61 Iowa 50; *Eller v. National Mot. Veh. Co.,* 181 Iowa 679; and cases from other jurisdictions.

We think the cases cited are distinguishable from the instant case, because of the difference in the facts. In the *Victor* case, where a policy of insurance was forfeited, and there was no obligation on the part of the insurance company to repay to the insured the unearned premium, which the plaintiff was seeking to hold, it was held there was no debt, and that, therefore, the garnishee should be discharged. In the *Dickinson* case, it was held substantially that the liability of a garnishee is not greater than that of the judgment debtor; and, in the absence of some fault on his part, he will not be put in a position where he may be compelled to pay the debt twice; and that a garnishee is not liable for indebtedness due the judgment debtor, where a note evidencing the indebtedness had been transferred by the judgment debtor to another as complete security, as the garnishee would not be owing anything until the note was transferred back to him. The holding in the *Huntington* case was that a prior settlement between the defendant in the main action and the garnishee, by which the indebtedness of the latter to the former is extinguished, avoids any liability of the garnishee upon a judgment against the

defendant. It was shown by the facts in that case that, at the time of the service of garnishment, the garnishee was not in any manner indebted, nor had he any money or property of the principal defendant's in his possession. In *Thomas v. Gibbons*, supra, it was held that a debt which is not in existence at the time of garnishment is not a debt to become due, within the meaning of the statute. It was there sought to hold wages earned after the service of the garnishment. In the *Eller* case, it was held that the relation of debtor and creditor did not exist at the time of the garnishment, because the written contract was not a contract of sale upon which the garnishee became indebted in any sum, but was a contract to make said sales in the future, such sales to be made and consummated on the basis of cash payment, before delivering to the garnishee the bill of lading for automobiles, which delivery preceded the right to demand and take possession of the cars purchased; and for the further reason that the transaction in question occurred after the garnishment was served. Section 3897 of the Code provides that:

"Property of the defendant in the possession of another, or debts due the defendant, may be attached by garnishment as hereinbefore provided."

Code Section 3935 provides that the notice of garnishment served shall forbid the garnishee's paying any debt owing such defendant, "due, or to become due," and requires him to retain possession of all property of the defendant in his hands, or under his control, to the end that the same may be dealt with according to law. Code Section 3949 provides that, if the debt of the garnishee to the defendant is not due, execution shall be suspended until its maturity. It is appellee's contention that the garnishee has, as trustee, the actual possession of this sum of money paid to it by the insurance company, and that it is payable to the defendant Norfolk, except upon a possible contin-

gency; that this contingency does not inhere in the proposition that the trustee may never have the property in its possession, and it is in the latter case only that it is not subject to garnishment; that it is the uncertainty whether anything will ever come into the hands of the trustee, or whether he will ever be indebted, that precludes liability; that the principle contended for by appellant has never been applied to a case where the property is actually in the possession of the trustee; and that, in such cases, the process is considered as attaching, and is postponed until a liability to the debtor is ascertained. They cite *Rankin v. Smith,* 174 Iowa 537; *Capital City Bank v. Wakefield,* 83 Iowa 46, 49; *Boyer v. Hawkins,* 86 Iowa 40; Drake on Attachments (4th Ed.) Section 552; *Downer v. Curtis,* 25 Vt. 650; *Dwinel v. Stone,* 30 Me. 384; also, 12 R. C. L. 779, to the proposition that the broad principle has been asserted that debts, though not due, are subject to garnishment; also, 12 R. C. L. 786; *Groome v. Lewis,* 23 Md. 137 (87 Am. Dec. 563); *Phoenix Ins. Co. v. Willis,* 70 Tex. 12 (8 Am. St. 566); *Keiser v. Shaw,* 104 Ky. 119 (84 Am. St. 450); *Biggert v. Straub,* 193 Mass. 77 (118 Am. St. 449), to the point that garnishment is a proper remedy to hold a balance of money in the hands of trustees, if the specific objects of the trust have been satisfied. The statute seems to have been somewhat different than it is now, in some of the earlier Iowa cases cited by appellee, but in the *Rankin* case, page 545, we said:

"He was under a contingent liability to Smith, at the time of garnishment; but the amount thereof, if any, could be determined only upon a sale of the land. In such circumstances, we think that he was subject to garnishment. The title to the property and the constructive possession thereof being in him, in trust, for the purpose of sale, and the defendant Smith having a contingent interest in the purchase price, that interest could be reached by garnishment,

although the property itself could not have been taken on attachment, because Smith had no tangible interest therein. Plowman's liability arose under his agreement with Smith, which was consummated before the garnishment notice was served. It is not a case where the debt was created, or the interest arose after garnishment, as in some of the cases cited."

In the *Boyer* case, it was said that, in most of the states, and in this state, the tendency was to broaden the scope of the remedy by garnishment; and that, under the statute as it then existed, Section 2976, now 3936, an executor could be held for money due from decedent to defendant; and that the answer could be taken, and the cause continued for further proceeding, until the amount was ascertained by the settlement of the estate.

It should be remembered that the insurance company in this case has paid to the Trust Company, for the beneficiary, the full amount of the policy, or certificate. The only contingency is as to whether Burnabee shall, within 10 years from the date of the contract, be located and found to be alive: if not, then the money in the hands of the trustee, or $2,000 of it, belongs absolutely to the principal defendant herein, N. M. Norfolk. No judgment has been entered in this case against the garnishee, nor is it sought to have a judgment against it at this time, condemning the money in its hands as the property of the principal defendant. The order simply refused to discharge the garnishee, but continued the garnishment matter. Some of the cases cited are where an executor was garnisheed, and the matter was continued until the settlement of the estate. In this case, none of the parties, and especially the garnishee, can be adversely affected. The order that the trustee shall hold and retain the money, subject to be applied, when due, to the principal defendant, in no way contravenes the trust imposed by the contract. It is in harmony with

the trustee's duties under the contract.   The trustee is not prejudiced.   No judgment can ever be entered against it in any event until the time expires, or if Burnabee should be found to be dead.   The trustee must hold the money, or hold itself in readiness to pay, until that fact is determined. The real questions involved are:  (1) Did the debtor, Norfolk, have an existing property right in the fund held by the garnishee?   (2) If so, was such property interest subject to seizure by process of garnishment under attachment or execution?   If these two questions are answered in the affirmative, then, under the record, no one could justly contend that there was any impropriety in the action of the trial court in continuing the garnishment proceedings, without judgment, until the time when the nature of plaintiff's property interest would be ascertainable to a certainty.

In regard to the first question, defendant Norfolk, the principal defendant herein, as beneficiary of the insurance policy, brought her action thereon against the insurance company.   At the commencement of such action, the insured was presumptively dead. Nevertheless, the parties entered into the stipulation whereby the insurance company paid to a trustee the amount of the policy, to be held by the trustee for a period of 10 years, and then $2,000 of it was to be paid to her, unless the insurance company should be then able to prove affirmatively that the insured was, in fact, alive.   The fund being thus deposited with the trustee, who was the beneficial owner of it?   It was not the trustee.   It was not the insurance company, although it had a contingent interest in it.   We think the principal defendant herein, Norfolk, was the beneficial owner, subject, however, to a condition subsequent.   Under the stipulation, she is under no burden of affirmative condition.   No condition or contingency need come to pass, in order to entitle her to the possession of the money at the

1. GARNISHMENT: contingent rights: property subject to garnishment.

expiration of 10 years. If the *status quo* be maintained, then her right to the fund becomes incontestable at the end of 10 years. On the other hand, the insurance company is under the burden of proving affirmatively the condition which will defeat her right of property. In other words, the insurance company has received, for 10 years, a right of defense on the sole ground specified. Does the saving of a right of defense wholly destroy her presumptive right of property? Conceding that it creates an infirmity in or a cloud upon her title, and thereby impairs the value of her property, yet the property right remains. We think, therefore, that the beneficial ownership vested in N. M. Norfolk, subject to defeasance by the subsequent condition provided for in the stipulation.

In the foregoing discussion, we have disregarded the provision of the stipulation whereby she might come into immediate possession of the fund, prior to the expiration of 10 years, by making affirmative proof of the death of the insured. This provision was a method of acceleration for her benefit. It does not impair her right to take possession of the property at the expiration of 10 years, in the absence of defeasance by the other condition.

As to the second question, if N. M. Norfolk had a property right, then it was subject to seizure by her creditors, by some method. We see no reason why the process of garnishment is not adequate and proper to that end. No wrong is thereby perpetrated upon the debtor. In garnishment cases, the law is concerned as to the garnishee, that he be not trapped, but the mere process of garnishment does not encroach on the rights of the garnishee. The proper protection of the garnishee is to be provided in the orders of the court, after the facts are made to appear. Had the court, in this case, entered a judgment against the garnishee for the amount of the funds in his

2. GARNISHMENT: notice: principal defendant: appearance: proceedings.

hands, and had thereby ignored the condition of the stipu-
lation, the garnishee would have had just ground of com-
plaint; but, as shown, no judgment was entered against the
garnishee.   The only order entered as to him was one of
continuance, subject to the further orders of the court, and,
as before stated, the garnishee can suffer no prejudice there-
from.   If future orders be made which are prejudicial to it,
it will be time enough to appeal from such.   Even though
the purpose of the court was to save its jurisdiction for a
final order at the expiration of 10 years, we see no reason
why this may not be done.   Possibly the court might even
now enter a conditional judgment, preserving the very con-
litions of the stipulation, and suspend execution until the
xpiration of the time provided in the stipulation.   Possibly
such form of order would require the exercise of equitable
jurisdiction.   If that be so, the creditor might have a right
to seek the equitable remedy, in aid of his execution.   But
this, we do not determine.

We conclude, therefore, that the order of continuance
was not error.

2. Appellants complain that no notice was served upon
the principal defendant, as required by Section 3947, which
provides that judgment against the garnishee shall not be
entered until the principal defendant shall have had 10
days' notice of the garnishment proceedings, etc.   This is
the notice required to be served upon the principal defend-
ant before the money can be condemned in the hands of the
garnishee.   A notice was served upon N. M. Norfolk, the
principal defendant, in which said defendant was notified
to appear and show cause why judgment condemning the
property or debt in the hands of the garnishee should not
be entered.   There seems to have been some informality in
the contents of this notice, but the Trust Company, gar-
nishee, appeared, and answered without objection; and
both it and N. M. Norfolk, the principal defendant, ap-

peared, and moved to correct and set aside the order; and they have both appealed to this court from the overruling thereof. If there is any doubt as to the sufficiency of such notice on the principal defendant, another can be served. A complete answer to this claim is the fact that no judgment has as yet been entered against the garnishee. A proper notice was given the principal defendant in the main action, and no claim is made that the judgment against the principal defendant, N. M. Norfolk, on the notes, is not valid.

There is no error, and the judgment and the ruling of the trial court are—*Affirmed.*

Ladd, C. J., Evans, Salinger, and Stevens, JJ., concur.