FARMERS UNION EXCHANGE OF RIVERSIDE, Appellant, v. IOWA ADJUSTMENT COMPANY, Appellee.

**JUDGMENT:** Equitable Relief—Erroneous Finding Against Garnishee.
1   Concede that a finding by the court that the garnishee was indebted to the defendant in attachment was *erroneous*, nevertheless such fact furnishes no basis for enjoining the enforcement of the judgment entered on such finding, when the court was *proceeding* under fully acquired jurisdiction.

**GARNISHMENT:** Notice—Insufficiency Cured by Appearance. The
2   appearance of a garnishee in response to a pleading controverting his answer renders the sufficiency of the notice of garnishment quite immaterial.

Headnote 1:    15 C. J. p. 1142; 34 C. J. p. 451.    Headnote 2: 28 C. J. p. 224.

*Appeal from Marshall District Court.*—B. F. Cummings, Judge.

## APRIL 7, 1925.

## REHEARING DENIED DECEMBER 17, 1925.

ACTION in equity, to enjoin the enforcement of a judgment. A demurrer to plaintiff's petition was sustained, and it appeals.—*Affirmed.*

C. H. Van Law and A. E. Maine, for appellant.

C. H. E. Boardman, for appellee.

STEVENS, J.—This is an action in equity, to enjoin the enforcement of a judgment entered in the municipal court of the city of Marshalltown, against appellant, as garnishee, at the suit of the Iowa Adjustment Company v. Fred Mace, and transcripted to the district court of Marshall County.

The petition alleged that the judgment entered against appellant, as garnishee, by the municipal court is wholly void, because entered without jurisdiction of either the person or the subject-matter; that no notice was ever served upon appellant; that it is a resident of Washington County, Iowa; that the finding of the court that appellant was indebted to the plaintiff in the attachment proceeding was erroneous; and that appellant was not, in fact, in any respect indebted to it; and that the finding and judgment of the court, based upon the alleged violation by appellant of the Bulk Sales Law, was without jurisdiction or authority. It prayed that appellee be restrained from proceeding in any way to enforce the payment of the judgment. Appellee filed a general equitable demurrer to the petition, and also demurred thereto upon the ground that the municipal court is a court of concurrent jurisdiction with the district court, and that the latter is without jurisdiction to review the

1. JUDGMENT:
equitable relief:
erroneous find-
ing against
garnishee.

proceedings of the municipal court or to declare the judgment
void. The demurrer was sustained.

A copy of the judgment entry in the municipal court was
attached to, and made a part of, appellant's petition. It is re-
cited therein that appellant, as garnishee in Iowa Adjustment
Company against Fred Mace, filed its answer as such garnishee;
that the answers were controverted by the plaintiff in that ac-
tion; and that the secretary and treasurer of appellant corpora-
tion appeared in person, and testified upon the trial of the issue
tendered by the pleading controverting such answers; that the
court found that appellant was indebted to the defendant in the
sum of $500, and entered judgment against it as garnishee for
$270.75, the amount of plaintiff's claim, together with costs
and attorneys' fees. The judgment further, and in a separately
numbered paragraph of its findings, recited that appellant be-
came indebted to appellee because of the purchase of a stock
of merchandise of Fred Mace in violation of the Bulk Sales
Law, and found that it held such stock as receiver, under the
provisions of Chapter 64, Acts of the Thirty-seventh General
Assembly.

It is alleged that the finding and order of the court as to
the stock of goods was without jurisdiction because no proper
notice was served upon appellant. It is conceded in the argu-
ment of counsel for appellant that it appeared by its secretary
and treasurer upon the trial of the issues tendered by the plead-
ing controverting its answers as garnishee, and that he testified
as a witness upon the trial.

It is, of course, elementary that one court cannot sit in re-
view upon the judgment and proceedings of another court of
concurrent jurisdiction; but it is also well established that the
enforcement of a void judgment may be enjoined in a proper
action for that purpose. *Jamison v. Weaver,* 84 Iowa 611;
*Worrall v. Chase & Co.,* 144 Iowa 665; *Blain v. Dean,* 160 Iowa
708.

It is not entirely clear whether the judgment against the
garnishee was entered upon the theory that an indebtedness
arose out of the purchase and possession of the stock of mer-

2. GARNISHMENT:   chandise, or whether it existed in some other
notice: insuf-   form and arose on a different consideration; but
ficiency cured
by appearance.   it seems to us that this is quite immaterial.
There was a finding that the garnishee was indebted to the de-
fendant in the garnishment proceeding. This finding may have
been ever so erroneous, without in any way affecting the juris-
diction of the court to enter judgment. The appearance of ap-
pellant as garnishee, in resistance to the issues tendered by the
pleading controverting its answers, gave the court jurisdiction
of the person; and it was proper, upon a finding that appellant
was indebted to the defendant, to enter judgment against it as
garnishee. Section 3946, Code of 1897. Surely, the district
court could not review the findings of the municipal court on a
question of fact, and either reverse or cancel a judgment en-
tered therein, unless such judgment was void upon the ground
that the court was without jurisdiction of either the person or
the subject-matter, to enter it. Here, the court clearly had juris-
diction of the garnishee and of the subject-matter: that is, the
court had jurisdiction in that proceeding to determine, upon the
issues joined on the answers of the garnishee, that it was in-
debted to the defendant. The court did not undertake to as-
sume jurisdiction over the merchandise alleged to have been pur-
chased by appellant in violation of the provisions of the Bulk
Sales Law, but found as a fact that, under the statute, it held
the same as a receiver or trustee for the benefit of creditors.
The court did not assume to appoint a receiver to take charge
of the stock, nor to require appellant to, in any way, account
therefor. The finding of the court upon which judgment was
entered was that appellant was indebted to the defendant in
a sum greater than the amount for which judgment was asked.

It is true, as contended by appellant, that the demurrer
admits the truth of all matters well pleaded; but the judgment
entry, copy of which appellant attached to its petition, recites
facts showing jurisdiction; and these facts are not sufficiently
negatived by the allegations of the petition. We assume that
the concessions made by counsel in argument were for the pur-
pose of calling attention of the court to the true condition of
the record.

We are of the opinion that the municipal court had juris-

diction of appellant, as garnishee, and that the judgment rendered against it, as such, is not a nullity; and, therefore, its enforcement cannot be enjoined.—*Affirmed.*

FAVILLE, C. J., and DE GRAFF and VERMILION, JJ., concur.