J. L. TAYLOR, Appellee, v. GRIMES CANNING CORPORATION et al., Appellants.

No. 42550.

NOVEMBER 20, 1934.

Carr, Cox, Evans & Riley, for appellants.

Tolbert C. Moore, for appellee.

MITCHELL, C. J.—On December 20, 1932, the Grimes Canning Corporation held a public auction sale at Grimes, Iowa. At said

time and place it offered for sale a two-row cultivator, four cows, and one colt. The terms of said sale were cash on delivery of the property. At the said auction sale the appellee, J. L. Taylor, bid the amount of $286, which bid was duly accepted by the auctioneer. At the close of the sale Taylor tendered a past-due, unpaid note, executed by the Grimes Canning Corporation to his wife and duly assigned to appellee, in excess of the amount of articles purchased, and the appellee offered to credit thereon the amount of the purchase price of the articles in question, and demanded possession of the articles. The corporation refused to deliver the articles until it had been paid for them in cash in the amount of the bid, to wit, the sum of $286.

On the 22d day of December, 1932, Taylor, plaintiff in the court below and appellee in this court, filed a petition in replevin in the usual form praying judgment against the Grimes Canning Corporation for the possession of the property described in his petition, being the property which he purchased at the auction sale; and that a writ of replevin issue to the sheriff of Polk county, Iowa, ordering and directing said sheriff to take possession of said property and deliver same to Taylor, and for damages in the amount of $40 for unlawful detention of said property, and attorney's fees and costs.

On February 7, 1933, the appellants filed answer to the petition, in which they denied that the appellee was the owner of any of the property described in his petition, and alleged that the property belonged to the appellants; that on December 20, 1932, the Grimes Canning Corporation held a public sale in the town of Grimes, Iowa, at which the property described in appellee's petition was offered for sale, and upon an auction thereof the appellee offered to purchase the same and offered to pay therefor the sum of $286; that the terms of said sale were cash on delivery of the property; that the appellee had not paid in cash the amount bid and hence acquired no title thereby and is not entitled to possession thereof; and prayed that judgment be entered against the appellee, declaring and confirming the right of the appellant corporation to possession of the property described, and that in lieu of the property, the appellant have judgment against the appellee for the sum of $286, plus interest and costs.

A writ of replevin was duly issued. On February 9th the appellee filed an amendment to his petition, in which he set up the

fact that he had been declared the purchaser of the property described in his petition, and tendered to an agent and representative of the appellant company one certain promissory note in the sum and value of more than the purchase price of all the articles purchased by him, which promissory note had been made, executed, and delivered by the appellants and had been assigned to the appellee, who was at that time the owner and holder of said note and who then and there indorsed his name on the back of said note upon and at the time of tendering the same to the appellants in payment of the articles declared sold to him by the auctioneer, and that at said time said note was wholly due and unpaid and owing from the appellants to the appellee.

On February 15, 1933, the appellee filed in the lower court a pleading designated "Motion to Strike and Judgment Nil Dicit", which was as follows:

"Comes now the plaintiff and moves the Court to strike the Answer of the defendants herein and for judgment nil dicit to be entered herein for the following reasons:

"1. Said Answer raises no issue in this case.

"2. Said Answer sets forth no facts not previously pleaded in the plaintiff's petition.

"3. Any statements or conclusions of law set forth in the defendant's answer not included within the allegations of the plaintiff's petition are such as in no way raise an issue nor entitle the defendant to any relief under his Answer and are overruled by the defendants' own admissions in said Answer.

"4. That the defendants have pleaded no facts showing them to be entitled to any judgment as asked for in their prayer.

"Wherefore, plaintiff prays said Answer be stricken and the plaintiff have judgment against the defendant herein as on no issue raised."

On February 25, 1933, an order was entered in said court and cause by the Honorable F. S. Shankland, judge, as follows:

"Now on this day this cause comes on for hearing upon Motion to Strike and for Judgment Nil Dicit, and the Court being fully advised in the premises, motion overruled. Plaintiff excepts."

On February 28, 1933, appellee filed in said court and cause the following:

"Motion for Judgment on the Pleadings.

"Comes now the plaintiff and moves the court to enter judgment on the pleadings against the defendants herein and shows the court that the defendants' answer sets up no defense which will bar the plaintiff's right to judgment herein.

"Wherefore, the plaintiff prays for judgment on the pleadings."

On March 7, 1933, the appellants filed in said court and cause the following:

"Resistance to Motion for Judgment on the Pleadings.

"Now come the defendants, Grimes Canning Corporation and A. Dunbar, by their attorneys, Carr, Cox, Evans & Riley, and in resistance to the motion of the plaintiff for judgment on the pleadings, respectfully show to the Court and state:

"That the motion to which this resistance is filed was filed herein on February 28, 1933.

"That prior thereto and on February 15, 1933, the plaintiff filed a motion to strike and for judgment *nil dicit.*

"That the motion filed herein on February 15, 1933, was submitted to and ruled upon by this Court on February 25, 1933, and that the ruling thereon was against the plaintiff and in favor of the defendants.

"That the motion to which this resistance is addressed raises the same issue as was raised by the prior motion; that said prior motion prayed for judgment against the defendants as on no issue raised; that no pleadings have been filed herein by either party subsequent thereto, and that the present motion also prays for judgment on the same pleadings.

"That it is contrary to the rules and practice of this Court for one of the judges thereof to attempt to modify or reverse another judge's ruling upon the same issue in the same case, and it is improper for the plaintiff to attempt by the filing of a second motion for judgment, to obtain another ruling upon the same issue presented and ruled upon in the prior motion.

"Wherefore, defendants pray that plaintiff's motion be denied and that the ruling heretofore made by this Court upon the prior motion be enforced."

On March 30, 1933, an order was entered in said court and cause by the Honorable O. S. Franklin, one of the presiding judges of Polk county court, as follows:

"Now on this day this cause comes on for hearing upon Motion for Judgment on Pleadings, and the Court being fully advised in the premises, motion sustained. · Defendants except."

On March 30, 1933, an order was entered in said court and cause by the Hon. F. S. Shankland as follows:

"The order overruling the Motion to Strike is by this nunc pro tunc order amended to show that it was overruled as to the Motion to Strike, but not passed on as to Motion for Judgment, because they should be separate motions."

On July 3, 1933, the court entered a judgment entry in this case in favor of the appellee, Taylor, and against the appellants, Grimes Canning Company and A. Dunbar.

On November 2, 1933, the appellants in this case served notice of appeal. On February 15, 1934, the appellants filed in the lower court a motion to correct the record, in which they prayed that the record be corrected and that there be expunged from the record the nunc pro tunc amendatory order entered on March 30, 1933, stating in their motion to correct the record that no notice was given to the appellants or to the attorneys representing appellants; that they had no knowledge of the existence of any attempt to secure a nunc pro tunc amendatory order until February 14, 1934; that the lower court was without jurisdiction to enter said attempted nunc pro tunc amendatory order because no motion was then pending, because no hearing was held thereon, because no notice thereof was given, because said proceedings were wholly ex parte and without knowledge of the appellants or their attorneys, because the term at which the order sought to be amended was entered had expired a month prior to the date of said attempted nunc pro tunc amendatory order, and because the entry of nunc pro tunc orders without notice to or knowledge of the parties affected thereby is contrary to law and the rules and practices of this court.

To this motion to correct the record the appellee filed a reply, and upon hearing before the Honorable F. S. Shankland the court held that the appellants' motion to correct the record was denied except as to the prayer for the exception to the ruling on the order which was entered on March 30, 1933. The appellants were given an exception to said ruling. From said order and ruling, entered on the 1st day of March, 1934, in this cause, by the Honorable F.

S. Shankland, the appellants duly perfected their appeal to this court.

It appears that there is no issue of fact in this case, and that it is simply a question of law. No question is raised and no attack is made upon the procedure used in filing the motion for nil dicit and the motion for judgment.

The motion of the appellee for judgment first came on before Judge Shankland. It was duly ruled upon by Judge Shankland and the order entered of record. Then, three days later, we find the same issue presented to another judge of the district court, to wit, Judge Franklin. The issue involved had already been passed upon and decided; there could be no basis for another motion for judgment upon the pleading except to order a review and reversal of the same decision by another judge of the same court.

This court in the case of Farmers Union Exchange v. Iowa Adjustment Co., 201 Iowa 78, at page 80, 203 N. W. 283, said:

"It is, of course, elementary that one court cannot sit in review upon the judgment and proceedings of another court of concurrent jurisdiction."

It is contrary to the plan of organization of the courts of this state to permit one judge of the trial court to review and reverse the decision of another judge of the same court upon the same issue. The Supreme Court of Iowa is the only tribunal which has power or jurisdiction to review and reverse a decision of a judge of the district court. When a decision has once been rendered by the trial court, that decision constitutes a res judicata as to that issue and such issue cannot be presented for review and reversal, to another judge of the same court, by the simple expedient of filing another motion asking for another and different judgment upon the same issue. Were this permissible there would be no end to litigation. Such procedure would tend to incite rivalry and antagonism between the various judges of the same court, and would tend to destroy the orderly administration of justice and disposition of litigation.

The appellee seemed to recognize this, for, after the order was entered by Judge Franklin, reversing the order entered by Judge Shankland, and after the term of court, at which the order had been entered, had terminated, the appellee sought to secure and did secure what is shown in the record as the nunc pro tunc order, chang-

ing the order entered by Judge Shankland. This nunc pro tunc order was entered without any additional pleading being filed. It was entered in an ex parte proceeding, and it was entered without notice to or knowledge of the appellants or their attorneys. It was entered after the term of court had terminated.

Section 12791 of the 1931 Code of Iowa provides as follows:

"Motion to correct mistake or irregularity. Proceedings to correct mistakes or omissions of the clerk, or irregularity in obtaining judgment or order, shall be by motion served on the adverse party or his attorney, and within one year; if made to vacate a judgment or order because of irregularity in obtaining it, such motion must be made on or before the second day of the succeeding term."

In the case at bar there was no motion made. Nothing whatever was pending before the court; nothing for the court to rule upon. No notice was given to the adverse parties or to the attorneys representing them. As soon as the appellants became aware of the entry of the nunc pro tunc order, a motion to correct the record was filed. The lower court overruled the motion except to grant the appellants an exception. This we believe was error. The appellants were entitled to have notice of the proceedings of the nunc pro tunc order. It was necessary that the appellee file a motion asking for the nunc pro tunc order.

Other grounds for reversal are set up by the appellants; but in view of the ruling upon this, it is not necessary to pass upon the other questions raised.

Judgment and decree of the lower court must be, and it is hereby, reversed.

KINDIG, DONEGAN, ANDERSON, and KINTZINGER, JJ., concur.