Miller, J.
I. As to the $21.00 which the appellant was indebted to the defendant at the time of the service of the process of garnishment there can be no serious question. The garnishee was indebted to the defendant to that amount, and the service of process had the effect, in law, to transfer the indebtedness from the defendant to the plaintiff. The plaintiff, by his attachment of the debt due from the garnishee to defendant, took the place of the defendant, and succeeded to his (the defendant’s) rights for its recovery. The plaintiff, by the garnishment, sued the garnishee (the debtor) in the name of the defendant (the creditor), and was entitled to recover such sum as the defendant would have been entitled to if he had sued the garnishee in a direct action for the board bill then due. And these rights and liabilities are in nowise affected by the fact that the debt due was by a guest to an innkeeper, *373 for the payment of which the latter had a lien on the baggage of the former. The lien only existed until payment, and whether the service of the garnishment process operated to divest the lien or not, the appellant could, at once, have paid the amount then due over to the sheriff, and thereby released his baggage from the lien. Rev., § 3207.
The appellant cites authorities holding that “ goods of a guest at an inn .are not distrainable for rent,” and argues therefrom that a debt due by a guest to his host is not the subject of garnishment. Our statute, in general terms, makes debts due by one person to another liable to be attached, by the process of garnishment, at the suit of a creditor of the latter, and the only exception made in the statute is in the case of debts due by a municipal or political corporation. They cannot be garnished. Rev., §§ 3194, 3195, 3196 and 3197. By this exception in the statute, the legislature, by implication, say that it is the only one intended.
II. As to the amount of appellant’s hotel fare, after he was garnished, the court erred in giving judgment against him therefor. It is true that, by the process of garnishment, debts to become due as well as those already duo are held. But the fare of the appellant and his wife, after the garnishment, never assumed the character of an indebtedness. The appellant was required by the defendant and did pledge the payment of the boarding of himself and wife, in advance, for such time as they remained at the defendant’s hotel. Whether the pledge consisted in money or property is not shown by the answer. If it was money, then the innkeeper was paid in advance to the extent of the amount pledged for the boarding. In the ease of a purchase of goods for cash, no indebtedness is created that would be the subject of garnishment The vendor retains the goods until the price is paid. No title passes to the vendee until he has paid the price. So, also, *374 if an innkeeper requires his guest to pay for each meal before he receives it, or to pledge payment, in advance, for all the meals and lodging he may obtain, no indebtedness arises that is the subject of garnishment.
The judgment of the court below should have been for $21.00, the amount due by appellant to Tepfer at the time he was attached as garnishee, and for no more. Thus modified the judgment is affirmed, the appellee to pay the costs of this appeal.
Affirmed.