BECKER, Respondent, vs. BECKER and another, Appellants.

*October 17 — November 5, 1901.*

· *Garnishment: Money in escrow.*

Money deposited in a bank to be paid to the principal defendant upon delivery by him of an approved deed is not subject to garnishment prior to delivery of the deed.

APPEAL from a judgment of the circuit court for Ozaukee county: JAMES J. DICK, Circuit Judge. *Reversed.*

Garnishee action to charge the Port Washington State Bank as debtor of *Michael Becker,* the defendant in the principal action. The garnishee answered that the garnishee summons was served January 26, 1900; that it then had $265 for payment to *Michael Becker,* the principal defendant, upon his forwarding to the bank, for the depositor of the money, a deed of certain real estate; that January 29, 1900, the deed was received and the money became payable; that the money was still in possession of the bank, but was claimed by *A. B. Maxam,* through whom the deed was received. The principal defendant answered that, prior to the deposit of the money in the bank, Andrew J. Becker was indebted to him in the sum of $265; that said Andrew J. Becker deposited said sum with the garnishee for payment to said principal defendant or his assigns upon his depositing with such garnishee, for the depositor, a quitclaim deed of certain real estate, the money to remain the property of said depositor till the receipt of the deed and its acceptance by him; that on January 29, 1900, three days after the service of the garnishee summons on the bank, the deed was received by it with instructions to pay the money to *A. B. Maxam,* to whom it was assigned January 24, 1900; that at the time of the commencement of the garnishee action the garnishee was not indebted to defendant in any

manner whatever. *Maxam* was interpleaded as a defendant, and answered substantially the same as the principal defendant as regards his ownership of the money.

The following facts were agreed upon between the parties as to the issues thus formed: November 1, 1899, *Michael Becker* gave to *Maxam* his interest-bearing promissory note for $350, due and payable January 1, 1900, which note had not been paid up to the time of the trial otherwise than as disclosed by what follows. December 1, 1899, *Michael Becker* paid $50 on the note. January 24, 1900, *Michael Becker* was informed by the garnishee defendant that $264 had been deposited with it by Andrew J. Becker for *Michael Becker* upon his delivering to it a quitclaim deed of certain lands and the approval of the deed by the former. January 26th thereafter, and before the service of the garnishee summons upon the bank, *Michael Becker* executed the deed and gave the same to *A. B. Maxam*, pursuant to an oral agreement made between them January 24, 1900, to the effect that the said $264 should be paid by the garnishee to *Maxam*, and be applied by him on the aforesaid note. Upon receipt of the deed *Maxam* credited the $264 upon said note, and thereafter sent the deed by mail to the garnishee. The deed was received by the garnishee January 29th thereafter. It was sent and received as stated, with instructions that the money held by the bank should be paid to *Maxam*.

Upon such facts the court found that the money was subject to the garnishee proceedings, and judgment was rendered accordingly. The principal and interpleaded defendants appealed.

*John H. Paul*, for the appellants.

For the respondent the cause was submitted on the brief of *H. B. Schwin*.

MARSHALL, J. As we understand the record, the facts are not in controversy. The parties agreed, and the court found,

in effect, that the money deposited by A. J. Becker with the bank was to remain his property till the bank received and he approved of the deed, and that it was to go to *Michael Becker* or his assignee contingent upon the happening of such circumstances. That is to say, putting the matter in the best light for respondent, the right of *Michael Becker* to demand or dispose of the money in any way was, at the time the garnishee summons was served upon the bank, contingent upon the reception of the deed by it, as agent for A. J. Becker, and his approval thereof. This court has many times held that, in such circumstances, there is no liability of the debtor or possessor of the property which can be reached by garnishee proceedings. The language of the syllabus in *Edwards v. Roepke*, 74 Wis. 571, very clearly states the law: "A garnishee is not liable as such for property in his possession unless the right of the principal defendant thereto is absolute at the time of the service of the garnishee process; nor for the amount of a debt, if its becoming due depends upon a contingency." That had been declared time and again prior to such decision, and has been repeated many times since. In *Bardon v. McCall*, 108 Wis. 181, the court said, in effect, speaking by Mr. Justice DODGE, that unless the circumstances are such that the garnishee defendant was liable absolutely to the principal defendant at the time of the service on the former of the garnishee summons, so that the latter could then have maintained an action against the former to enforce such liability except as the right might be delayed by mere time,— something certain to take place,— the garnishee cannot be held liable to respond for the benefit of the defendant's creditor, for such creditor cannot acquire any better right under the remedy by garnishment than the principal defendant could by action against the plaintiff.

The decision of the circuit court was wrong. There does not seem to be any controversy but that, if the money held

by the bank was not subject to garnishment in favor of respondent, it should go to appellant *Maxam.* The judgment of the circuit court must be reversed, and the cause remanded with directions to render judgment in favor of the principal and interpleaded defendants for costs, and in favor of the interpleaded defendant requiring the money in controversy to be paid to him.

*By the Court.*—So ordered.