FLORENCE E. ARMSTRONG, Administratrix, Appellee, v. JEROME B. ARMSTRONG, SR., Appellee; JOHN W. SHUNICK, Garnishee, Appellant.

GARNISHMENT: Property Subject—Contingent Liability. An obligation based on an agreement to pay for a farm "*on delivery of deed and merchantable abstract of title*" is not subject to garnishment at a time when said conditions have not been performed.

GARNISHMENT: Property Subject—Contingent Liability. An obligation based on an agreement to pay a stated price per acre for a farm of unknown acreage, said acreage determinable by either vendor or purchaser, is subject to garnishment.

APPEAL AND ERROR: Parties—Garnishment Proceedings—Judgment Defendant as Necessary Party. A judgment defendant is not a necessary party to an appeal by a garnishee when said defendant has received full payment of the obligation which is sought to be subjected to garnishment.

*Appeal from Shenandoah Superior Court.*—FREDERICK FISCHER, Judge.

APRIL 3, 1923.

REHEARING DENIED NOVEMBER 20, 1923.

PROCEEDING in garnishment.   Garnishee appeals from a judgment against him.—*Reversed.*

*Wilson & Keenan,* for appellant.

*Ferguson, Barnes & Ferguson,* for appellee.

STEVENS, J.—I.   This is an appeal by John W. Shunick, garnishee, from a judgment entered against him in the superior court of the city of Shenandoah, on March 21, 1922, as the sup-

1. GARNISHMENT: property subject: contingent liability.

posed debtor of Jerome B. Armstrong, Sr., the principal defendant in an action brought in said court against him by Florence E. Armstrong, administratrix of the estate of Jerome B. Armstrong, Jr., deceased, for an accounting of partnership assets.

The action was commenced April 7, 1919, and notice of garnishment was served upon Shunick on the same day. The material facts are as follows:   A written contract, signed by their respective agents, was entered into on April 1, 1919, by Armstrong and Shunick, by which the former agreed to convey to the latter a farm located in Fremont County, of uncertain acreage, for a consideration of $135 per acre, the exact acreage to be ascertained by survey and measurement, at Armstrong's expense.   The provision of the contract for the payment of the consideration was as follows:

"Two thousand dollars cash in hand, the receipt of which is hereby acknowledged.   Grantee to assume a mortgage for $8,000.00 and interest thereon from date of delivery.   Balance to be paid on delivery of deed and merchantable abstract of title."

The contract further provided that Shunick should have possession immediately upon its execution.   The principal defendant was never served with an original notice or with notice

of the garnishment, but on April 14, 1919, a written stipulation, signed by himself and Florence E. Armstrong, administratrix, plaintiff, agreeing upon a settlement of the principal action, was filed in the office of the clerk of the superior court. By the terms of the stipulation, the defendant agreed to pay plaintiff $3,000, as follows: $800 upon the signing of the stipulation, and the balance, of $2,200, by assignment and order upon Shunick for that amount, to be paid out of the purchase price of the farm. The stipulation further provided that, if the said $2,200 should not be paid within 60 days, judgment might be entered against the defendant therefor. The defendant did not execute the assignment or written order upon Shunick to the plaintiff, and judgment was accordingly entered against him on August 22, 1919, for the amount then due, together with costs.

Some time later, the date not shown, the defendant ten-. dered to Shunick a deed and abstract showing a satisfactory title, but refused to deliver the same to him until the full balance of the consideration was paid. The transaction was consummated upon that basis. Shunick, as garnishee, on February 23, 1920, filed answer in the superior court, stating that he was in no wise indebted to the defendant; that he did not have in his possession, or under his control, any property of the defendant's, and knew of no debts owed to him. On June 6, 1921, an amendment to his original answer, setting up the contract out of which the supposed indebtedness arose, together with the facts, substantially as stated above, was filed in the superior court. The answers of the garnishee were not controverted. On March 21, 1922, the court, upon motion of the plaintiff, entered judgment against the garnishee for the full amount of the judgment previously entered against the original defendant, with interest thereon up to that date.

The briefs of counsel are elaborate, and cover every question that could arise upon the record; but, in view of the conclusion reached on the principal contention of appellant, that, as the garnishee was held, under the contract, only to a contingent liability, the debt was not subject to garnishment, we shall not consider the other propositions argued. It is elementary that the right of the plaintiff, as against the garnishee, in the absence of fraud, can rise no higher than the right of the

principal defendant (*Streeter v. Gleason,* 120 Iowa 703; *Smith Lbr. Co. v. Scott County G. R. & F. Co.,* 149 Iowa 272; *Des Moines C. M. Co. v. Cooper,* 93 Iowa 654; *Smith T. & Co. v. Clarke & Henley,* 9 Iowa 241, 244; *Parker v. Carry,* 121 Iowa 388; *Munson v. Mabon,* 135 Iowa 335; *What Cheer Sav. Bank v. Mowery,* 149 Iowa 114); that only a debt already due, or for the maturity of which time alone is necessary, is subject to garnishment (*Ober v. Seegmiller,* 180 Iowa 462; *Briggs v. McEwen,* 77 Iowa 303; *Streeter v. Gleason,* supra; *Caldwell v. Stewart,* 30 Iowa 379); that the liability of the garnishee must be determined as of the date of the garnishment (Code Section 3935; *Smith Lbr. Co. v. Scott County G. R. & F. Co.,* supra; *Williams Bros. v. Young,* 46 Iowa 140; *Huntington v. Risdon,* 43 Iowa 517); and that, in order to hold a garnishee upon his answers, an indebtedness must be clearly admitted or shown thereby (*Streeter v. Gleason,* supra; *Hibbard, S. B. & Co. v. Everett,* 65 Iowa 372; *Morse v. Marshall,* 22 Iowa 290).

If the amended answer of the garnishee is equivalent to an admission of an absolute indebtedness to the principal defendant, judgment was properly entered thereon; otherwise not. If the debt was contingent, it must be (a) because the consideration was not to be paid until the number of acres in the tract was ascertained, and (b) because it was to be paid only upon the delivery by Armstrong to Shunick of a warranty deed conveying the farm to him free and clear of incumbrances, except those assumed by the contract, together with an abstract showing a good, merchantable title. The contract provided for the survey and measurement of the farm at Armstrong's expense, but did not require that it be done by him. The contingency as to the number of acres affected only the amount of the consideration, and did not inhere in the obligation itself; and the fact that the full consideration could not be computed until the defendant's acreage was ascertained affected only the maturity of the obligation. The measurement could as well be made by the purchaser as by the seller. The contract contemplated that payment by the purchaser and the delivery of the deed and abstract by the seller should be concurrent acts. Armstrong could not, at the time the notice of garnishment was served upon Shunick, have main-

2. GARNISHMENT: property subject: contingent liability.

tained an action against him for the specific performance of the contract, even if the acreage were known. Shunick was not liable to him on the contract for the balance of the purchase price until he tendered a deed in full compliance therewith. This he might or might not do. It might happen that he would be unable to convey the title as agreed. If he failed to perform his part of the contract, Shunick would not be liable to him for the balance of the purchase price, and could recover the amount already paid. Compliance with the terms of the contract by Armstrong was contingent upon his willingness and ability to comply. This contingency inhered in Shunick's obligation. The liability of Shunick for the payment of the balance of the purchase price was contingent upon the performance by Armstrong of essential acts in the future. If they were never performed, no debt was created. The indebtedness was, therefore, not absolute and unconditional, but contingent, and, under all the authorities, not subject to garnishment.

Counsel for appellee argue that the equitable title to the farm passed to Shunick, and that Armstrong retained the legal title only as security for the payment of the balance of the purchase price. Let it be conceded, for the purposes of this case, that the equitable title did pass, under the contract, to Shunick, yet payment of the consideration could not be enforced against him, even if every other requirement of the contract were complied with, until a deed conveying the farm to him, free and clear of all incumbrances except those assumed by him, together with an abstract showing a good, merchantable title, was tendered to him. The indebtedness did not become absolute until this was done. This conclusion is in harmony with the prior decisions of this court cited above, and with the general rule in other jurisdictions. *Moreau River St. Bank v. Japinga,* 37 S. D. 404 (158 N. W. 786); *Becker v. Becker,* 112 Wis. 24 (87 N. W. 830); *Cowell v. May,* 26 Mont. 163 (66 Pac. 843).

But two of the many cases cited by appellee need be given special mention. The contingency considered in *Rankin v. Smith,* 174 Iowa 537, affected only the maturity of the debt, and did not go to the debt itself. The obligation of the garnishee in that case was absolute and unconditional, but was to be paid only out of the proceeds of the sale of a farm, and then

upon the condition that a sum in excess of a specified amount was realized from the sale thereof. While the contingency affected and went directly to the payment of the debt, the obligation of the garnishee was absolute, and depended upon nothing except the realization of a sufficient amount out of the sale of the farm above a specified amount for the payment thereof.

*Ottumwa Nat. Bank v. Norfolk,* 185 Iowa 1334, involved a fund paid by the Modern Woodmen of America to the Phoenix Trust Company, in settlement of an action then pending against it upon a policy to be repaid to the insurance company in the event that the insured was located by the company alive at any time within ten years from the date of the contract. This fund was held subject to garnishment. The stipulation provided only for the maintenance of the *status quo* until it could be ascertained whether the beneficiary was dead. The action was based upon the presumption arising from seven years' absence of the insured. The obligation of the trust company to pay the fund into court for the benefit of the beneficiary or the garnishee was absolute, in the absence of a definite showing by the insurance company that the insured was alive. The contingency involved only the performance of a condition subsequent. The holding in the above cases is not inconsistent with the conclusion here reached.

II. A motion was filed by appellee in this court to dismiss the appeal, on the ground that notice of appeal was not served upon the principal defendant. The defendant became a resident of the state of Texas after the notice of garnishment was served upon Shunick, and died in that state before judgment was entered against him. Appellant, in resistance to the motion, filed affidavits showing that the defendant left no property in the state of Iowa, and that no administrator was appointed for him in this state. The notice of appeal was served upon the garnishee and upon the clerk of the district court. Appellant also moved the court below to prescribe the manner of serving notice upon the heirs or personal representatives of the defendant.

3. APPEAL AND ERROR: parties: garnishment proceedings: judgment defendant as necessary party.

An order was entered by the court, directing service to be made by publication in the manner prescribed for the service

of original notices. Notice was published, and proof of publication duly filed in the clerk's office. Whether or not this notice was of any validity, we need not determine. We have repeatedly held that the service of the notice upon the principal defendant, if he will be prejudiced by a reversal of the judgment against the garnishee, is jurisdictional, and that without it the appeal must be dismissed. *State Sav. Bank v. Guaranty Abst. Co.*, 181 Iowa 1378; *Oskaloosa Sav. Bank v. Miller*, 189 Iowa 393; *Schoonover v. Osborne*, 193 Iowa 474.

As stated above, no notice of the garnishment was served upon the defendant, but judgment was entered against him in the main action upon the stipulation signed by the parties and filed in the superior court. The defendant refused to consummate the sale by the delivery of a deed and abstract, except upon payment of the full balance of the purchase price to him. The payment thereof was made under these circumstances. This is shown by the amended answers of the garnishee. The only ground upon which prejudice could result from a reversal would be the failure of the defendant or his estate to compel a double payment by the garnishee of so much of the purchase price of the farm. The reversal of the judgment in the court below will do nothing more than to restore the status as it existed before judgment was entered against the garnishee. The defendant's estate may be liable for the payment of the judgment, but this will result in no hardship, for the reason that it has already received full payment of funds garnished. The defendant manifestly acted in bad faith in dealing with his daughter-in-law, and also in demanding full payment of the purchase price as a condition precedent to the delivery of the deed and abstract to Shunick. It was not, under the facts disclosed, the duty of the garnishee to secure the appointment of an administrator of the estate in Iowa, upon whom notice of appeal might be served. The motion to dismiss is overruled.

It follows that the judgment of the court below must be and is—*Reversed.*

PRESTON, C. J., EVANS and DE GRAFF, JJ., concur.