A. C. Stowe, Appellant, v. H. L. Breen et al., Appellees.

No. 45702.

November 12, 1941.

Lee R. Harding, for appellant.

Carroll F. Johnson, for appellees.

Oliver, J.—In this case the defendant-debtor was employed at an agreed monthly wage. However, he had cash of the employer under his control from which, with the employer's consent, he had withdrawn the amount due him from day to day as earned. At the time of the garnishment the employer owed nothing to the employee. Thereafter the employment and collection of wages continued as before. The wages were not ex-

empt from execution. Contending the garnishment rendered the garnishee liable for the wages thereafter earned by the employee, the creditor moved for judgment against the garnishee employer. The motion was overruled and the creditor appeals. Appellee has filed no brief in this court.

Section 12157, Code of Iowa, 1939, forbids the garnishee paying any debt owing such defendant, due or to become due.

Code section 12169 provides, in part:

"If * * * it is made to appear that the garnishee was indebted to the defendant, * * * at the time of being served with the notice of garnishment, he will be liable to the plaintiff, * * *, to the full amount thereof, or to the amount of such indebtedness * * * and the plaintiff may have a judgment against the garnishee * * *."

■ Under the statutes it is clear judgment may not be secured against a garnishee unless at the time of the service of notice of garnishment he owes the defendant a debt, due or to become due. It is conceded there was no debt due in this case. Nor was there a debt "to become due". That expression means there must be a definite and fixed obligation to pay in any event and when *time alone* is wanting, to fix its maturity. Malone v. Moore, 204 Iowa 625, 215 N. W. 625, 55 A. L. R. 356; Armstrong v. Armstrong, 196 Iowa 947, 192 N. W. 887.

Appellant quotes certain provisions of the Code of 1873, relating to garnishment, which, he contends, are still in force, because, says he, the Code of 1897, in which the garnishment statutes now in effect first appeared, was merely a compilation of earlier statutes whose meaning was not thereby changed. Appellant is in error. Code of 1897 was a regularly authorized revision and codification of the laws of Iowa and was duly adopted as such. 25 G. A., chapter 115; 26 Ex. G. A., chapter 20; section 49, Code of 1897; Greaves & Co. v. Posner, 111 Iowa 651, 82 N. W. 1022; 1 I. L. B. 25.

■ However, the garnishee was not liable under either former or present statutes. In Thomas v. Gibbons, 61 Iowa 50, 15 N. W. 593, decided under the provisions of the Code of 1873, this court decided that wages earned after the service of the

garnishment process were not held thereby, because there was then no debt in existence "to become due". And in Bump v. Augustine, (Iowa), 154 N. W. 782, 784, decided in 1915, we said:

"It is the holding of the courts generally that an attachment does not reach the unearned salary of the debtor; that even where the statute authorizes the attachment, not only of debts due, but of debts to become due thereafter, the attachment does not hold the wages of the debtor which are unearned, at the time the garnishment was served."

We hold, as did the trial court, that appellant was not entitled to judgment against the garnishee.—Affirmed.

CHIEF JUSTICE and all JUSTICES concur.