LUCIEN C. BERTRAND, Jr., Judge Pro Tern.
This appeal arises from a garnishment proceeding instituted by the judgment creditor, Dan A. Smetherman, appellee herein, against the judgment debtor’s employer, Wilson Oil Company, appellant herein. Judgment was rendered for the full amount of the debt owed. For the following reasons, we reverse and remand.
Smetherman originally filed suit against J. Michael Wilson to collect on a note. Summary judgment was granted in Smether-man’s favor for sums due on the note and, in order to collect on his judgment, he proceeded to garnish the wages of Wilson, who was employed as president of Wilson Oil Company. Wilson Oil timely answered the interrogatories. Several weeks later, Smether-man and Wilson Oil entered into a consent agreement whereby Wilson Oil consented to a judgment ordering it to withhold a certain portion of Wilson’s salary and pay same to the sheriff in satisfaction of Wilson’s debt to Smetherman. The record reveals that for the next 14 months, Wilson Oil failed to comply with the consent judgment.
During this time, Wilson proceeded with the prosecution of his reconventional demand against Smetherman which he had filed in response to Smetherman’s suit on the note. Prior to disposition of the reconventional demand, Wilson asked the court to suspend the effect of the consent judgment until such time as the reconventional demand was disposed of. The record does not contain any ruling on this motion, but subsequent filings indicate that either the summary judgment or the consent judgment was suspended.
Wilson’s reconventional demand was eventually dismissed and the aforementioned suspension was vacated. Subsequently, a “Clarification of Orders” was issued whereby the trial judge suspended all judgments rendered in the entire case until such time as Wilson’s suspensive appeal of his reconventional demand was decided. Concerning the suspension of the money judgment rendered in Smetherman’s favor, this court, on a writ application, reversed the trial court’s order. This court found that the money judgment, which had not been appealed, was a partial final judgment which could be enforced by the prevailing party.
Subsequent to this court’s ruling, the trial court, pursuant to a rule to show cause, granted judgment in favor of Smetherman and against Wilson Oil on the garnishment proceedings. Judgment was rendered for the full amount of the debt due on the note, including interest and attorney’s fees. Additional attorney’s fees in the amount of $300.00 were awarded pursuant to La.C.C.P. Art. 2413. Wilson Oil has appealed this judgment and it is now before us for review. Smetherman, in brief, asked for damages for frivolous appeal, but we decline to address this issue as he neither appealed nor answered the appeal.
Wilson Oil contends first that it was prohibited from complying with the original garnishment order because of the procedural history of this case, which led to confusion and uncertainty about the legal effect of the garnishment. Therefore, Wilson Oil argues that it should not be subject to judgment as garnishee for failing to withhold Wilson’s wages. Second, Wilson Oil contends, in the alternative, that if judgment was properly rendered, it should have been only for the amount which should have been withheld to the date of judgment, not for the full amount *595 of the debt. We find merit to this latter argument.
Garnishment proceedings generally are governed by the Code of Civil Procedure, Art. 2411 et seq. Garnishment of the debt- or’s wages is a procedure specifically governed by La.R.S. 13:3921 et seq., along with the general provisions found in the Code of Civil- Procedure. Neither body of law provides for or specifies a penalty against a garnishee who fails to comply -with a court ordered garnishment. Accordingly, ordinary contempt and/or collection proceedings must be invoked to enforce such a judgment.
In the present case, the trial judge accepted Smetherman’s argument that he was entitled to judgment in accordance with La.C.C.P. Art. 2413. That statute provides for judgment against a garnishee for the full amount of the unpaid debt when the garnishee fails to answer and fails to prove at a contradictory hearing that he has no property of and is not indebted to the judgment debtor.
Contrary to the provisions of this statute, however, Wilson Oil did answer the interrogatories, admitted to its indebtedness to Wilson, and even entered into a consent judgment on the garnishment proceedings. But no withholding was undertaken. Indeed, we find the conduct of the garnishee herein to be even more egregious than that penalized by Art. 2413. Yet the law provides for no particular penalty for this conduct, and we know of no authority by which we can analogize the penal provisions of Art. 2413 to the instant case.
Smetherman is clearly entitled to judgment against Wilson Oil, but his judgment is not based on Art. 2413 because Wilson did not fail to answer interrogatories. Smether-man’s judgment, therefore, must be limited to sums currently due, from the time the garnishment proceedings were served, and an order for continuing payments until the debt is satisfied.
In reaching this decision, we follow the holding of Commercial Securities Co., Inc. v. Corsaro, 417 So.2d 1346 (La.App. 3d Cir. 1982), which recognized the interrelationship between the garnishment rules of the Code of Civil Procedure and those contained in the revised statutes, but further held:
Common to both sets of garnishment provisions is the general principle that a creditor acquires no greater right against the garnishee than his judgment debtor would have had if he had sought relief directly. Walker v. Townsend, 127 So.2d 224 (La.App. 3d Cir.1961) and cases cited therein. This is so because the garnishee is merely a stakeholder for the judgment creditor and only for as long as the requisite relationship between principal debtor and garnishee remains.
417 So.2d at 1350. See also Dunckelman Distributing Co., Inc. v. Hyde, 334 So.2d 236 (La.App. 2d Cir.), writ denied, 338 So.2d 294 (La.1976), which affirmed an award against the garnishee for an amount in partial satisfaction of the debt after the garnishee answered interrogatories but failed to comply with the court ordered seizure.
We reject Wilson Oil’s primary contention that no judgment should be rendered against it because of the procedural history of this case. Wilson Oil has offered no excuse or justification for its failure to withhold a portion of Wilson’s wages other than the conflicting orders issued by the trial court. This position is meritless for two reasons. First, Louisiana law is clear that a garnishee is the legal custodian of the property at issue and must comply with the orders of the court immediately even if the garnishment turns out to be wrongful. See, for example, Sun Sales Co., Inc. v. Hodges, 256 La. 687, 237 So.2d 684 (La.1970), and Seaboard Finance Corp. v. Anderson, 305 So.2d 598 (La.App. 4th Cir.1974), writ denied, 309 So.2d 346 (La.1975). Second, the referenced court orders were issued at Wilson’s request during the pendency of his reconventional demand, an action ultimately found by this court to be without merit. See Smetherman v. Wilson, C.A. No. 93-71, 626 So.2d 71 (La.App. 3d Cir.1993).
In their attempts to oppose and defend against the garnishment, it is clear that Wilson Oil and Wilson, its owner and president, had no leg to stand on and simply failed to comply with a valid court order for purposes of delay. We disagree, however, that a prop *596 er penalty for this conduct is judgment against the garnishee for the full amount of the debt. In spite of our factual findings, we are constrained to reverse the judgment of the trial court and remand for a determination of moneys owed from the date of service of the notice of seizure (February 3,1992) up to the present time, and to provide for future payments, if necessary, to the judgment creditor.

DECREE

The judgment appealed from is reversed and the case is remanded for judgment in accordance with this opinion. Costs of this appeal are assessed to Wilson Oil Company.
REVERSED AND REMANDED.