ROLAND L. BELSOME, Judge.
|-i Gentilly Medical Clinic for Women (“Gentilly Medical”) appeals the district court’s judgment granting JPMorgan Chase’s petition to assess judgment against Gentilly Medical as the garnishee. We remand.
FACTS AND PROCEDURAL HISTORY:
Plaintiff JPMorgan Chase (f/k/a Bank One)(“Chase”) obtained a judgment against the defendants, Anioma Health Care Agencies, Inc., I.C.A. Okpalobi and Paige Okpalobi for a default on a note secured by a mortgage for property located at 3024 Gentilly Boulevard, New Orleans, Louisiana, in July 2001. The defendants then filed for’ bankruptcy. In October 2002, Chase subsequently obtained a judgment against defendant-in-rule Gentilly Medical, Mr. Okpalobi’s employer, ordering Gentilly Medical to garnish Mr. Okpalobi’s wages. The Okpalo-bis sold the mortgaged property to a third party in January 2005, and the equity proceeds of the sale were applied to their debt. Due to numerous outstanding tax liens, however, neither the sale of the property nor a subsequent reimbursement for a portion of the city taxes extinguished the Okpalobis’ debt at the time of the sale. Accordingly, although the sale of the property resulted in a cancellation of the mortgage itself, it did not satisfy the debt that continued as an in | personam liability, because both Mr. and Mrs. Okpalobi personally guaranteed the promissory note. Therefore, even after the sale of the mortgaged property, Gen-tilly Medical was legally obligated to continue garnishing Mr. Okpalobi’s wages until the debt to Chase was satisfied.
Gentilly Medical, however, failed to make the appropriate garnishment payments from January through May of 2005. As a result, Chase filed a rule to assess a judgment against Gentilly Medical. After a hearing on May 27, 2005, the trial court held Gentilly Medical liable for the full amount of the unpaid amount pursuant to Article 2412.[1] The court also ordered Gentilly Medical to pay all past due payments within 30 days, and to continue the monthly garnishment payments under the terms of the original garnishment order until the debt was satisfied. The court further ordered attorney’s fees and costs and contempt sanctions in the amount of $500.00 each. The judgment stated the amount due as of May 31, 2005 as $396,184.12. This appeal followed.
We review this judgment to determine whether the trial court was manifestly er *868 roneous in granting the Chase’s petition to assess judgment against the garnishee for the full amount of the balance due.
DISCUSSION:
The principal amount of the defendants’ debt was $824,958.17. After the sale of the property, Chase received $77,435.02 for the cancellation of past due taxes, and the sale proceeds of $116,354.89 were described on the HUD statement as “Payoff of First Mortgage to JPMorgan Chase Bank.” The sale of the property | .¡resulted in the cancellation of the mortgage; however, the in personam debt of defendants remained for the remainder of the balance due.[2]
The Okpalobis assert that a deficiency judgment was in fact conducted through executory process, and moreover, that it was executed incorrectly, because no legal appraisal of the property was made. The Okpalobis further argue that the trial court did not credit them for the previously withheld garnished amounts. Neither of those issues, however, are the subject of the judgment presently before this Court.
Additionally, although the issue is not for review in this Court, Chase correctly notes that pursuant to La. C.C.P. art. 2771, a creditor may only obtain a deficiency judgment if the property is sold through executory process. Because the sale of the property was a private, rather than a judicial sheriffs sale, no deficiency judgment procedures were necessary in this case. Furthermore, the Okpalobis offered no proof that the plaintiff failed to credit the proper amounts to their debt, and, according to Chase, did not even request a statement of the amount due under the judgment.[3] Thus, the argument that Chase failed to follow the procedures for a deficiency judgment is without merit.
Accordingly, despite the arguments set forth in the appellants’ brief, the only issue before this Court is whether the trial court’s judgment holding Gentilly Medical liable for the full amount of the unpaid judgment with interest and costs |4was proper. Under Louisiana law, a garnishee may be held responsible for withholding wages until the full amount of a judgment is paid:
In every case in which the wage or salary ... shall be garnished either under attachment or fieri facias or as otherwise provided by law, a judgment shall be rendered by the court of competent jurisdiction in which the garnishment proceedings may be pending fixing the portion of such wage, salary, commission, or other compensation as may be exempt, as provided by law, and providing for the payment to the seizing creditor of whatever sum for which judgment may be obtained, out of the portion of such compensation which is not exempt.
La. R.S. 13:3921(A)(2006)(emphasis added).
Louisiana law does not, however, specifically address the appropriate remedy for a garnishee that fails to make the ordered payments. The court in Smetherman v. Wilson Oil Company, Inc., 635 So.2d 593, 595 (La.App. 3 Cir.1994), No. 93-1165 4/6/94, a. case with a nearly identical fact pattern, noted this omission in the garnishment statutes. In that case, the Third Circuit found that under Louisiana law, a court may order a garnishee to enforce the garnishment order, and that a garnishee *869 may be held liable only for the amount that it failed to collect. Id. In Smether-man, the plaintiff, Smetherman, instituted litigation to collect on a promissory note owed by J. Michael Wilson (“Wilson”). Id. at 594. The trial court granted summary judgment in favor of Smetherman. Id. Smetherman then instituted garnishment proceedings against Wilson, who was employed as the president of defendant Wilson Oil Company (“Wilson Oil”). Id. Interrogatories were issued to Wilson Oil, which were answered within the delays mandated by Article 2412. Id. A consent judgment was then granted whereby Wilson Oil agreed to garnish Wilson’s wages and to turn the seized money over to the sheriff. Id. As in this case, despite the court order, the garnishee failed to withhold the appropriate amounts. Id.
IfiSmetherman filed a rule to show cause, and the trial court held Wilson Oil Company liable for the full amount of the amount due on the note, including interest and attorney’s fees, pursuant to Article 2413. Id. On appeal, Wilson Oil argued that it should have been held liable only for the amount that it failed to withhold until the date of the judgment, as opposed to the entire balance owed by Wilson.[4] Id. at 594-95. Significantly, the court noted that although garnishment is governed by both Article 2411 et seq. and La. R.S. 13:3921 et seq., “[n]either body of law provides for or specifies a penalty against a garnishee who fails to comply with a court ordered garnishment. Accordingly, ordinary contempt and/or collection proceedings must be invoked to enforce such a judgment.” Id. at 595 (emphasis added).
In this case and in Smetherman, the garnishees timely responded to the interrogatories and subsequently entered into a consent judgment for the garnishment procedure. Id. The court in Smetherman noted that the failure of the garnishee to withhold the ordered amounts was “even more egregious than [the conduct that is] penalized by Article 2413 [failure to answer garnishment interrogatories].” Id. The court further observed that “the law provides for no particular penalty for this conduct, and we know of no authority by which we can analogize the penal provisions of Article 2413 to the instant case.” Id. (emphasis added). Accordingly, the court found that “Smetherman is clearly entitled to judgment against Wilson Oil, but his judgment is not based on Art. 2413 because Wilsqn did not fail to answer interrogatories,” and thus limited the judgment to the amount that should have been withheld from the date of service of | Kthe garnishment proceedings. Id. Additionally, the court ordered Wilson Oil to continue garnishment payments until the debt was satisfied. Id.
No assertion has been made by Chase that Gentilly Medical did not timely answer the garnishment interrogatories; the record indicates that Gentilly Medical answered the interrogatories within the delays mandated by Article 2412. Thus, Gentilly Medical cannot be held liable for the full amount of the judgment under either arts. 2412 or 2413. Accordingly, because the only remedy provided by garnishment statutes is with respect to failure to answer interrogatories, this Court looks to the jurisprudence in determining the appropriate remedy for failure to make court-ordered garnishment payments. We *870 find the Third Circuit’s reasoning limiting the enforcement of the judgment to the past due amounts and an order to continue garnishment payments persuasive.
The trial court shall therefore order the garnishee to pay the amounts that should have been withheld from the date of the original garnishment order and to continue garnishment payments until the debt to Chase is satisfied. Moreover, because the trial court’s judgment awarded attorney’s fees and contempt sanctions pursuant to Article 2413, we adopt the Third Circuit’s reasoning that such amounts may be awarded at the trial court’s discretion, but only through ordinary contempt and collection proceedings, and not pursuant to Article 2418. Therefore, we remand this matter to the trial court for a determination of the precise amount owed Chase by Gentilly Medical.
RDECREE:
Reversed and remanded to the trial court for further proceedings in accordance with this opinion.
REVERSED AND REMANDED.
LOMBARD, J., concurs with reasons.
CANNIZZARO, J., concurs in part and dissents in part with reasons.

. The trial court judgment references Article 2412 as authority for holding Gentilly Medical Center liable for the full amount of the judgment; however, article 2412 merely sets out the rules for service of garnishment interrogatories to the garnishee and the delays for answering garnishment[1] interrogatories. Article 2413 contains the penal provision: if the garnishment interrogatories are not answered pursuant to the time delays specified by Article 2412, then "the judgment creditor may proceed by contradictory motion against the garnishee for the amount of the unpaid judgment, with interest and costs.” La. C.C.P. art. 2413(A).

. The original judgment against the defendants for their default on the promissory note did not limit Chase to an in rem recovery on the debt.

. The statement of the amount due under the judgment would have listed all credits applied toward the Okpabolis’ principal debt.

. The argument that an ordered garnishment is wrongful does not exempt a garnishee from withholding the required amounts. As the Smetherman court noted, "Louisiana law is clear that a garnishee is the legal custodian of the property at issue and must comply with the orders of the court immediately even if the garnishment turns out to be wrongful.” 635 So.2d at 595.