# IN THE COURT OF APPEALS OF IOWA

No. 21-1226
Filed August 31, 2022


**L.F. NOLL, INC.,**
    Plaintiff-Appellee,

**vs.**

**PREMIERE BUSINESS SOLUTIONS, LLC,**
    Garnishee-Appellant.

_____

        Appeal from the Iowa District Court for Polk County, Samantha Gronewald,

Judge.


        A garnishee appeals entry of judgment against it for funds owed to a creditor

by a defendant.  **REVERSED AND REMANDED.**


        Daniel P. Kresowik of Brick Gentry P.C., West Des Moines, for appellant.

        Kolby P. Warren of McCormally & Cosgrove, P.L.L.C., Des Moines, for

appellee.


        Heard by Vaitheswaran, P.J., and Tabor and Badding, JJ.

**BADDING, Judge.**

Should an employer who mistakenly withholds the wrong amount from a debtor's wages be liable for the entire balance on a judgment owed by the debtor to a creditor? This was the question put to the district court after a creditor sought to satisfy its judgment against a debtor by serving a notice of garnishment on her employer. Upon discovering that the employer made a withholding mistake, the creditor sought entry of judgment against the employer for the balance owed by the debtor. Due to the employer's failure to withhold the proper amount, the court entered judgment against it "for the full amount of the unpaid judgment," plus interest and costs. Because we conclude the employer was not liable to the creditor for the entire unpaid judgment against the debtor, we reverse and remand.

## I.    Background Facts and Proceedings

L.F. Noll, Inc. initiated a debt-collection suit against Amanda Zahnd in 2012. The parties entered into a "stipulation and agreement for judgment payable in installments," under which Zahnd would pay the principal amount of $6025.28 with interest and court costs in monthly installments of $40.00. The agreement provided that if Zahnd failed to make payments, L.F. Noll could file an affidavit of default and request issuance of execution for the remaining balance, plus interest and costs. The court entered judgment in accordance with the agreement.

In 2016, L.F. Noll filed an affidavit of default. It then made several attempts to collect the judgment through general executions. The most recent was issued in October 2020. A notice of garnishment and interrogatories was served on Zahnd's employer, Premiere Business Solutions, LLC (Premiere) the next month. *See* Iowa Code § 642.5(1) (2020). In its answer, Premiere admitted it

compensates Zahnd for personal services but denied it was indebted to her or possessed any of her property. *See id.*; Iowa R. Civ. P. 1.304. The writ of execution expired on February 17, 2021.[1] In March, the sheriff filed its return of service, which disclosed $221.50 was collected from Premiere with $125.00 issued to the court and $96.50 retained by the sheriff as fees. Following the clerk's notice of receipt of the funds, L.F. Noll sought and obtained an order condemning the funds.

In April, L.F. Noll applied for an order for the appearance of Premiere as the garnishee. The application alleged Premiere "failed to fully surrender garnished funds to the Sheriff." L.F. Noll sought an order for Premiere to "appear before this court and bring all books and records relating to the employment and payment of salaries, wages, or other compensation to [Zahnd], and then and there, to answer all interrogatories that may be propounded to it, as provided by law." In the event Premiere "fail[ed] to appear and fully answer the interrogatories," L.F. Noll asked that judgment be entered against Premiere. The court entered an order directing Premiere's representative to appear and be examined.

At the hearing, Premiere's co-owner, Brent Hood, testified the company was not indebted to Zahnd or in the possession of her property. But he confirmed Premiere compensates Zahnd as a full-time, hourly employee. She is paid biweekly and earns "[r]oughly $28,000 per year." Hood testified Premiere's payroll department implemented a garnishment on Zahnd's wages, but he agreed the

---

[1] The writ of execution issued on October 20, 2020 and expired 120 days later, on February 17, 2021. *See* Iowa Code § 626.16; *see also* Barry A. Lindahl, *Iowa Practice Series: Civil & Appellate Procedure* § 42:2 (May 2022 update) ("Once issued, the execution is good for a period of 120 days from the date of issuance.").

amount withheld was incorrect. Hood explained that instead of withholding 25% of Zahnd's wages—which he testified was the correct amount[2]—Premiere only withheld $25 from each paycheck. Hood said that in early February 2021, one of L.F. Noll's representatives told him the right amount hadn't been withheld but, because the writ of execution would be expiring, another notice of garnishment would need to be issued and served. *See* Iowa Code § 642.22(1)(b) (noting a notice of garnishment remains effective without serving another notice until the writ of execution expires).

At the end of the hearing, L.F. Noll asked the court to enter judgment against Premiere for $6151.70[3]—the balance of the judgment Zahnd owed L.F. Noll—because of Premiere's failure to comply with the notice of garnishment. L.F. Noll acknowledged the garnishment expired on February 17, but it asserted there were outstanding funds that were not withheld under the garnishment when it expired. Hood responded that the total judgment requested by L.F. Noll would not have been satisfied before expiration. In its post-hearing brief, L.F. Noll simply argued "the garnishment was only partially satisfied" when the garnishment expired so, under Iowa Code section 642.13, judgment should be entered against Premiere in full.

In its ruling, the court found the garnishment was not satisfied when the writ of execution expired and entered judgment against Premiere "for the full amount

---

[2] *See* 15 U.S.C. §§ 1673(a)(1) (providing "maximum allowable garnishment"), 1677 (noting federal law does not affect greater limitations on garnishment provided by state law); Iowa Code § 642.21(1) (providing limitations on garnishment from net earnings per calendar year).
[3] This figure consisted of $5063.84 in principal, $1050.24 in interest, and $37.62 in court costs.

of the unpaid judgment, for interest at the legal rate, and the costs of this matter." Premiere appeals.

## II.     Standard of Review

Appellate review of garnishment proceedings is for legal error.  *Ellefson v. Centech Corp.*, 606 N.W.2d 324, 330 (Iowa 2000).  "The district court's findings of fact are binding upon us if those findings are supported by substantial evidence. However, we are not bound by the district court's legal conclusions, and we may inquire into whether the district court's ultimate conclusions were materially affected by improper conclusions of law."  *Id.* (internal citation omitted).

## III.     Analysis

Premiere claims the court erred in entering judgment against it for the full amount due from Zahnd to L.F. Noll, arguing (1) it "was never provided with prior notice that judgment could be entered . . . for the full amount"; (2) no judgment should have been entered against it under Iowa Code section 642.13 because it was neither indebted to Zahnd nor in the possession of her property when the notice of garnishment was served; and (3) if judgment in some form was proper, it should have been limited to the amount owed by Premiere to Zahnd.  Because we find this last argument to be dispositive, we do not reach Premiere's final contention that the amount L.F. Noll claimed was due on its judgment against Zahnd is not accurate.

### A.     Notice

The last paragraph of L.F. Noll's application for Premiere to appear provided that "[i]n the event that [Premiere] fails to appear and fully answer the interrogatories, the Plaintiff requests that the Court enter judgment against

[Premiere] for the amount of the judgment plus court costs and interest at the legal rate." Premiere argues that nothing in this application, or the district court's order requiring it to appear, advised Premiere that it could be held liable for the entire amount of the underlying judgment even "if Premiere appeared for the . . . hearing and fully answered the interrogatories."

L.F. Noll contests error preservation on this issue, pointing out the argument was not raised or decided in the district court. *See Woods v. Charles Gabus Ford, Inc.*, 962 N.W.2d 1, 5 (Iowa 2021) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal." (citation omitted)). In its reply brief, Premiere argues "there was no reason nor opportunity for Premiere to raise the issue." Specifically, Premiere questions how it was expected "to somehow have the foresight to preemptively object" to the court impermissibly granting L.F. Noll relief that was not requested—the entry of judgment in its favor in full under section 642.13.

But L.F. Noll *did* request the challenged relief at hearing after Premiere acknowledged it erred in implementing the garnishment, and Premiere *was* given a chance to respond, both at the hearing and in a post-hearing brief. After the court granted L.F. Noll the relief it requested at hearing, Premiere had yet another opportunity to respond by filing a motion under Iowa Rule of Civil Procedure 1.904(2). *See* Thomas Mayes & Anuradha Vaitheswaran, *Error Preservation in Civil Appeals in Iowa: Perspectives on Present Practice*, 55 Drake L. Rev. 39, 69 (2006) ("If a litigant seeks reversal based on an issue not addressed by the district court, he or she has an obligation to seek a ruling on that issue. . . . A written

motion under rule 1.904 is one way to do so; however, any act requesting a district court's ruling should be sufficient."). It did not do so.

In a last-ditch effort to save the notice issue, Premiere asserted for the first time at oral arguments before this court that the claimed deficient notice deprived the district court of subject matter jurisdiction. *See In re Est. of Falck*, 672 N.W.2d 785, 789 (Iowa 2003) ("A party can raise subject matter jurisdiction at any time in the proceeding."). "If the trial court entered judgment on defective notice, [a party] cannot attack it collaterally unless there was what in law amounts to no notice." *Id.* at 791. We cannot say there was no notice here, considering that L.F. Noll's application expressly requested "judgment against the Garnishee Defendant for the amount of the judgment." While that was conditioned on Premiere's failure to appear and fully answer the interrogatories, Premiere was still on notice of the possibility.

More importantly, Premiere appeared at the hearing.

> It is well-settled law when a party appears at trial in person or by counsel with actual notice of the trial, this is sufficient notice for judgment to be entered against that party. This rule applies even if a claim had not been served on the party and a prayer for relief had not been made in any application.

*Id.* at 792. In line with this rule, the Iowa Supreme Court held in *Farmers' Union Exchange of Riverside v. Iowa Adjustment Company*, 203 N.W. 283, 284 (Iowa 1925) that even where no notice was served on a garnishee, the court had subject matter jurisdiction of the dispute since the garnishee appeared at the hearing "in resistance to the issues tendered by the pleading controverting its answers." *See* Iowa Code § 642.11. We accordingly find the district court had subject matter jurisdiction of the dispute before it.

**B.     Judgment Under Section 642.13**

Before getting into the merits of Premiere's next two arguments, which we consider together, we start with a refresher on the relevant statutes.   Section 642.5(1) requires that "[w]hen the plaintiff, in writing, directs the sheriff to take the answer of the garnishee," as L.F. Noll did here, the sheriff must ask the following questions of the garnishee:

> [1] Are you in any manner indebted to the defendant in this suit, or do you owe the defendant money or property which is not yet due?  If so, state the particulars.
> [2] Have you in your possession or under your control any property, rights, or credits of the said defendants?  If so, what is the value of the same?  State all particulars.
> [3] Do you know of any debts owing the said defendant, whether due or not due, or any property, rights, or credits belonging to the defendant and now in the possession or under the control of others?  If so, state the particulars.
> [4] Do you compensate the defendant in this suit for any personal services whether denominated as wages, salary, commission, bonus or otherwise, including periodic payments pursuant to a pension or retirement program?  If so, state the amount of the compensation reasonably anticipated to be paid defendant during the calendar year.

If the garnishee "refuses to answer fully and unequivocally all the foregoing interrogatories," section 642.6 provides that the garnishee "shall be notified to appear and answer as provided above."  Should the garnishee fail to appear and answer, "the garnishee shall be presumed to be indebted to the defendant to the full amount of the plaintiff's demand, but for a mere failure to appear no judgment shall be rendered against the garnishee until the garnishee has had an opportunity to show cause against the same."  Iowa Code § 642.9.[4]

---

[4] Iowa Rule of Civil Procedure 1.304 similarly provides:
>     Unless answers are required to be taken as provided by statute, the
>     notice shall cite the garnishee to appear before the court at a time

L.F. Noll's application for Premiere to appear seemed to be made under the above section. But after a representative from Premiere appeared at the hearing and answered questions under oath, *see* Iowa Code § 642.7, L.F. Noll pivoted and sought judgment under section 642.13. That provision states:

> If in any of the above methods it is made to appear that the garnishee was indebted to the defendant, or had any of the defendant's property in the garnishee's hands, at the time of being served with the notice of garnishment, the garnishee will be liable to the plaintiff, in case judgment is finally recovered by the plaintiff, to the full amount thereof, or to the amount of such indebtedness or property held by the garnishee, and the plaintiff may have a judgment against the garnishee for the amount of money due from the garnishee to the defendant in the main action, or for the delivery to the sheriff of any money or property in the garnishee's hands belonging to the defendant in the main action within a time to be fixed by the court, and for the value of the same, as fixed in said judgment, if not delivered within the time thus fixed, unless before such judgment is entered the garnishee has delivered to the sheriff such money or property. Property so delivered shall thereafter be treated as if levied upon under the writ of attachment in the usual manner.

Premiere argues that since it was neither indebted to Zahnd nor had any of her property in its hands when it was served with the notice of garnishment, the district court "was not able to enter judgment against [it] under section 642.13." *See Yoss v. Sampson*, 269 N.W. 22, 26 (Iowa 1936) ("[A] garnishment covers only such property of the principal defendant as is in the hands of the garnishee at the time of the service of notice of garnishment.").[5] L.F. Noll responds that because Zahnd "is employed at [Premiere's] business and is earning a wage from

---

> specified not less than ten days after service and answer such interrogatories as may be propounded, or the garnishee will be liable to pay any judgment which the plaintiff may obtain against the defendant.

[5] This would encompass debts incurred but not yet due, although execution must be suspended until the debt matures. *See* Iowa Code § 642.16.

[Premiere]," the company is indebted to Zahnd.[6]  In support of this argument, L.F. Noll contends the opening phrase of the statute—"[i]f in any of the above methods it is made to appear that the garnishee was indebted to the defendant"—refers to the methods of indebtedness listed in section 642.5, one of which is "wages owed from garnishee to a [d]efendant."  *See* Iowa Code § 642.5(1).  After taking a trip back in time, we find that Premiere has the better argument.

For most of the past two centuries, no meaningful substantive changes have been made to section 642.13.  *Compare* Iowa Code § 642.13 (2020), *with id.* § 1873 (1851).  Our code has also long directed the sheriff to serve a notice to a garnishee "forbidding his paying any debt owing such defendant, due or to become due, and requiring him to retain possession of all property of the defendant in his hands or under his control, to the end that the same may be dealt with according to law."  Iowa Code § 12157 (1939).  This requirement is now implemented by the rules of civil procedure.  *See* Iowa R. Civ. P. 1.304 ("The notice shall forbid the garnishee from paying any debt owing such defendant, due or to become due, and require the garnishee to retain possession of all property of the defendant in the

---

[6] L.F. Noll also claims that error was not preserved on this issue because the only argument Premiere made in district court was "that it was an 'honest mistake' that the Garnishment was not satisfied."  We disagree.  In its answer to the interrogatories and at the hearing, Premiere denied that it was indebted to Zahnd or in possession of her property.  And at the hearing, when L.F. Noll asked for judgment in full, Premiere asserted the garnishment should simply be reissued.  By granting L.F. Noll's requested relief instead, the district court necessarily considered and ruled on the issue Premiere raises on appeal—whether judgment in any amount was proper because Premiere was neither indebted to Zahnd nor in possession of any of her property.  *See Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012) ("If the court's ruling indicates that the court *considered* the issue and necessarily ruled on it, . . . the issue has been preserved.").  We accordingly find error was preserved.

garnishee's hands or under the garnishee's control, to the end that the same may be dealt with according to law."). The requirement also remains hinted at by another statute. *See* Iowa Code §§ 642.5(1) (2020) (directing the sheriff to take answers on debts due and to become due), 12162 (1939) (same).

Applying the statutes in effect in 1939, our supreme court considered a situation like that before us now, in which "the defendant-debtor was employed at an agreed monthly wage. . . . At the time of the garnishment the employer owed nothing to the employee. Thereafter the employment and collection of wages continued as before." *Stowe v. Breen*, 300 N.W. 518, 519 (Iowa 1941). The garnishor-creditor moved for judgment against the garnishee, "[c]ontending the garnishment rendered the garnishee liable for the wages thereafter earned by the employee." *Id.* Under what is now section 642.13 (2020) and rule 1.304, the court concluded "it is clear judgment may not be secured against a garnishee unless at the time of the service of notice of garnishment he owes the defendant a debt, due or to become due." No debt was due to the debtor as compensation, "[n]or was there a debt 'to become due'" because "[t]hat expression means there must be a definite and fixed obligation to pay in any event and when *time alone* is wanting, to fix its maturity." *Id.* So the supreme court found the creditor was not entitled to judgment against the garnishee for wages the defendant would earn in the future because they were not due or to become due at the time the notice of garnishment was served. *Id.*; *see also Bump v. Augustine*, 154 N.W. 782, 784 (Iowa 1915) ("It is the holding of the courts generally that an attachment does not reach the unearned salary of the debtor . . . .").

Similar to *Stowe*, Iowa Code section 642.21(2)(d) provides that "[n]o employer shall . . . [b]e held liable for an amount not earned at the time of the service of notice of garnishment." Taking the holding of *Stowe* together with section 642.21(2)(d), it would seem that even though Zahnd was employed by Premiere when the garnishment was served, Premiere was not "indebted" to her under section 642.13 and so judgment in any amount was not proper. But the current code includes something historic versions did not. In 1984, the legislature added section 642.22, which addresses the scope of a garnishment notice. *See* 1984 Iowa Acts ch. 1239, § 12. As amended, the provision now provides:

> (1) A notice of garnishment served upon a garnishee is effective without serving another notice until the earliest of the following:
> (a) The annual maximum permitted to be garnished under section 642.21 has been withheld.
> (b) The writ of execution expires.
> (c) The judgment is satisfied.
> (d) The garnishment is released by the sheriff at the request of the plaintiff or the plaintiff's attorney.

Iowa Code § 642.22. This statute allows for the ongoing validity of the notice until an event triggering ineffectiveness, thereby creating a continuing duty to withhold between service and the earliest of those events.[7] The existence of a durational duty to withhold is bolstered by section 642.22(3), which states that expiration of the execution does not affect the "garnishee's duties and liabilities respecting

---

[7] *See* 4 Emp. Coordinator, *Compensation* § 34:199 *Iowa; Duration of the Duty to Withhold* (May 2022 update); *see also* 38 C.J.S. *Garnishment* § 216 (May 2022 update) (noting some statutory schemes provide "that upon service of a garnishment summons on the garnishee, the debts already due to the judgment debtor when the summons in garnishment is served upon the garnishee and any indebtedness of the garnishee to the judgment debtor which arises between the date of service of such summons on the garnishee and the return date of the summons is subject to garnishment").

property already withheld pursuant to the garnishment" before expiration. Such a duty tracks how the parties interacted and how wage garnishment is handled in Iowa generally. However, it would conflict with the express direction of other statutes, namely sections 642.13, which measures indebtedness from the time notice of garnishment is served, and 642.21(2)(d), which exempts liability "for an amount not earned at the time of the service of notice of garnishment." But, as noted, the operative language of section 642.13 has been left unchanged for nearly two centuries. And section 642.21(2)(d) was added in 1971 and has not been changed since. *See* 1971 Iowa Acts ch. 270, § 1.[8] Section 642.22, on the other hand, was added in 1984. It is therefore the newest statute on the issue, which means it prevails. *See Schmett v. State Objections Panel*, 973 N.W.2d 300, 304 (Iowa 2022) ("If statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment by the general assembly prevails." (quoting Iowa Code § 4.8)).

So applying that durational duty to withhold, Premiere was only liable to L.F. Noll, and L.F. Noll could only have judgment for, the amount of money due from Premiere to Zahnd that arose while the notice of garnishment was effective or for delivery of the same within a time fixed by the court, subject to state and federal statutory constraints on wage garnishment. *See* Iowa Code § 642.13; *see also id.* § 642.21. This conclusion fits with the well-settled principle that the "demand upon the garnishee must be such that the principal defendant could have maintained an

---

[8] Section 642.21 was amended in 1984, 1985, 2011, and 2018, but each amendment left subsection two untouched. *See* 2018 Iowa Acts ch. 1041, § 111; 2011 Iowa Acts ch. 25, § 77; 1985 Iowa Acts ch. 178, § 14; 1984 Iowa Acts ch. 1239, § 11.

action in his or her own right against the garnishee for it." *Van Maanen v. Van Maanen*, 360 N.W.2d 758, 761 (Iowa 1985); *see also Huntington v. Risdon*, 43 Iowa 517, 518–19 (1876) (stating that "in the absence of fraud," a garnishee "should not be placed in a worse position than he would be if the defendants were prosecuting the claim against him").

While L.F. Noll argues that a "simple web search of garnishment laws across the country shows the ability of creditors to recover the full amount of judgments against non-compliant employers is not unique to Iowa," it cited no such laws in its brief. And it appears from our research that many cases hold the opposite. *See, e.g.*, *Devan Lowe, Inc. v. Stephens*, 842 So. 2d 703, 708 (Ala. Civ. App. 2002) (rejecting creditor's argument that it was entitled to a judgment against an employer for the full amount owed by the debtor); *Deal v. First & Farmers Nat'l Bank, Inc.*, 518 S.W.3d 159, 172 (Ky. Ct. App. 2017) ("[W]e do not accept as correct the . . . blanket statement that Kentucky law makes a garnishee strictly liable to the judgment creditor for the entire amount of the underlying judgment."); *Bank One, La., N.A. v. Anioma Home Health Care Agencies, Inc.*, 950 So. 2d 866, 870 (La. Ct. App. 2007) (reversing trial court's entry of judgment against the garnishee for the full amount of the balance due from the defendant-debtor and finding the court should have instead ordered "the garnishee to pay the amounts that should have been withheld from the date of the original garnishment order").

In summary, Premiere was not liable to the plaintiff for the full amount of the judgment, but it was liable to L.F. Noll for amounts it failed to properly withhold under the garnishment. We therefore reverse the district court's entry of judgment, and we remand for the court's reconsideration of the plaintiff's entitlement to

judgment consistent with this opinion.[9]  We reject L.F. Noll's unsupported claim for attorney fees and costs in the amount of $4350.  *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue."); *NCJC, Inc. v. WMG, L.C.*, 960 N.W.2d 58, 62 (Iowa 2021) ("Generally, attorney fees are recoverable only by statute or under a contract." (citation omitted)).

**REVERSED AND REMANDED.**

---

[9] The district court issued no findings on what amounts should have been withheld or what annual maximum applies to Zahnd.